YVONNE M. SCHULTE, State Bar No. 237868
*yvonne.schulte@clydeco.us*
BRADLEY R. HARDING, State Bar No. 299842
*brad.harding@clydeco.us*
CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600
Facsimile: (213) 358-7650

Attorney for Plaintiff
GREAT AMERICAN INSURANCE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, an Ohio corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>THE MORNING STAR TRUCKING COMPANY, LLC, a California Limited Liability Company; LIBERTY PACKING COMPANY, LLC, a California Limited Liability Company; THE MORNING STAR COMPANY, a California corporation; CALIFORNIA SUN GROWER SERVICES COMPANY, LLC, a California Limited Liability Company; EDUARDO MARQUEZ, an individual; L.M., a minor by and through her Guardian Ad Litem THOMAS NICHOLS; LETHESIA GUZMAN, an individual and Does 1-10,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff Great American Insurance Company ("Great American") brings this complaint for declaratory judgment in its favor and against defendants The Morning Star Trucking Company, LLC, ("Morning Star Trucking") a California Limited

1  Liability Company; Liberty Packing Company, LLC, ("Liberty Packing") a

2  California Limited Liability Company; The Morning Star Company, ("Morning

3  Star") a California corporation; California Sun Grower Services Company, LLC,

4  ("California Sun") a California Limited Liability Company; Eduardo Marquez, an

5  individual; L.M., a minor by and through her Guardian Ad Litem Thomas Nichols;

6  and Lethesia Guzman, (collectively, "Defendants") and alleges as follows:

## NATURE OF ACTION

7

8      1.     This is an action seeking declaratory judgment for the purpose of

9  resolving an insurance coverage dispute between Great American and Defendants,

10 with respect to three underlying liability actions arising out of a vehicular accident

11 that occurred on September 26, 2016 allegedly involving defendants, as set forth

12 more fully below.  Great American is informed and believes that Defendants, and

13 each of them, seek insurance coverage from Great American under a commercial

14 umbrella insurance policy in connection with the underlying litigation.

15     2.     Great American seeks a declaration from this Court that it cannot owe a

16 duty to defend or indemnify Defendants, and each of them in connection with the

17 underlying litigation because the Great American umbrella policy contains an

18 "EXCLUSION OF COVERAGE FOR SPECIFIED ENTITIES ENDORSEMENT"

19 that bars coverage.

## JURISDICTION AND VENUE

20

21     3.     Jurisdiction of this action is founded upon 28 U.S.C. § 1332, as the

22 plaintiff is a citizen of a different state than each of Defendants, and the amount in

23 controversy exceeds the sum of $75,000, exclusive of interest and costs.

24     4.     Venue is proper in the Eastern District of California pursuant to 28

25 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise

26 to this claim occurred in this judicial district.

27

28

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, CA 90071
Telephone: (213) 358-7600

**PARTIES**

5.    Plaintiff Great American is a corporation organized and existing under the laws of the State of Ohio with its principal place of business in Cincinnati, Ohio.

6.    Defendant Morning Star Trucking is a limited liability company organized and existing under the laws of the State of California with its principal place of business in Woodland, California.  Great American is informed and believes that Morning Star Trucking's members are domiciled in California.

7.    Defendant Liberty Packing is a limited liability company organized and existing under the laws of the State of California with its principal place of business in Woodland, California.  Great American is informed and believes that Liberty Packing's members are domiciled in California.

8.    Defendant Morning Star is a corporation organized and existing under the laws of the State of California with its principal place of business in Woodland, California.

9.    Defendant California Sun is a limited liability company organized and existing under the laws of the State of California with its principal place of business in Woodland, California.  Great American is informed and believes that California Sun's members are domiciled in California.

10.    Defendants Morning Star Trucking, Liberty Packing, Morning Star Co., and California Sun are collectively referred to as "Corporate Defendants."

11.    Defendant Marquez is an individual who resides in Merced, California, and was at all relevant times an employee of Morning Star Trucking.

12.    Defendant L.M., a minor, by and through her guardian ad litem, Thomas Nichols ("L.M.") is an individual residing in the State of California. Because L.M. initiated the action entitled *L.M., a minor, by and through her guardian ad litem, Thomas Nichols v. Eduardo Marquez, et al.*, Sacramento Superior Court Case No. 34-2018-00239237 (the "*L.M.* Action"), she is named in

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, CA 90071
Telephone: (213) 358-7600

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, CA 90071
Telephone: (213) 358-7600

1  this declaratory relief action so that she will be bound by any judgment rendered

2  herein.

3        13.    Cross-complainant Lethesia Guzman ("Guzman") is an individual

4  residing in the State of California.  Because Guzman has filed Cross-Complaints in

5  certain of the Underlying Actions, she is named in this declaratory relief action so

6  that she will be bound by any judgment rendered herein.

7                                    **POLICY**

8        14.    Great American Insurance Company issued Commercial Umbrella

9  Policy No. TUU 0-30-42-89-04 to named insured The Morning Star Packing

10  Company, L.P. ("Morning Star Packing"), for the policy period June 30, 2016, to

11  June 30, 2017 (the "Great American Policy").  The Great American Policy provides

12  insurance pursuant to all of its terms, conditions, limitations, exclusions, and

13  endorsements.  A true and correct copy of the Great American Policy is attached

14  hereto as Exhibit A and is incorporated herein by reference.

15        15.    The Great American Policy's umbrella liability coverage form provides

16  insurance subject to limits of $25,000,000 each "occurrence," and $25,000,000 in

17  the aggregate, excess of the "Retained Limit," which includes but is not limited to

18  the limits of Nationwide Agribusiness Insurance Company Policy No. CPP135444A

19  ("Nationwide Policy").

20        16.    Nationwide is currently providing a defense to Defendant Marquez and

21  each of the Corporate Defendants against the Underlying Actions under the

22  Nationwide Policy.

23        17.    The Great American Policy contains a "Named Insured" Endorsement

24  Form GAI 60 05 (Ed. 06/97), which identifies the Named Insured as including the

25  following: The Morning Star Packing Company, L.P./The Morning Star Company, a

26  California corporation; Liberty Packing Company, LLC; California Sun Grower

27  Services Co., LLC; and The Morning Star Trucking Company, LLC (Great

28  American Policy, Ex. A, at pg. 92.)

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, CA 90071
Telephone: (213) 358-7600

18.    The Great American Policy provides umbrella liability coverage as amended by the Known Injury or Damage Endorsement Form GAI 64 34 (Ed. 07/99).  The Great American Policy provides in part:

**1.    Coverage**

**a.**    We will pay on behalf of the "Insured" those sums in excess of the "Retained Limit" that the "Insured" becomes legally obligated to pay by reason of liability imposed by law or assumed by the "Insured" under an "insured contract" because of "bodily injury", "property damage", "personal injury", or "advertising injury" that takes place during the Policy Period and is caused by an "occurrence" happening anywhere.  The amount we will pay for damages is limited as described below in the **Insuring Agreement** Section **II.  LIMITS OF INSURANCE**.

*   *   *

(Great American Policy, Ex. A, at pg. 68.)

19.    The Policy contains an "EXCLUSION OF COVERAGE FOR SPECIFIED ENTITIES ENDORSEMENT" that provides as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION OF COVERAGE FOR SPECIFIED ENTITIES ENDORSEMENT**

The following exclusion is added to Section **IV – EXCLUSIONS**:

Any liability arising out of any operation(s) of the entity(ies) listed  below:

1.   MORNING STAR TRUCKING COMPANY LLC AS RESPECTS TO AUTO LIABILITY

2.   6 GENERAL LIABILITY

3.

4.

This endorsement does not change any other provision of the policy.

5

* * *

(Great American Policy, Ex. A, at pg. 35.)

## FACTUAL ALLEGATIONS

### The Underlying Actions

20.    On February 8, 2018, Faafetai and Rachel Taliaoa filed the action styled *Faafetai and Rachel Taliaoa v. Morningstar Trucking Company, et al.*, Sacramento County Superior Court Case No. 34-2018-00226841 ("*Taliaoa* Action").  On August 2, 2018, D.M., and N.M., by and through their Guardian ad Litem, filed the action styled *D.M. and N.M., by and through their Guardian ad Litem, Patricia Montejano v. Eduardo Marquez, et al.*, Sacramento Superior Court Case No. 34-2018-00238127 ("*D.M. and N.M.* Action").  On August 21, 2018, L.M., by and through her Guardian ad Litem, filed the "*L.M.* Action."  The *Taliaoa*, *D.M. and N.M.*, *L.M.* Actions and the cross-complaints filed by Guzman are hereinafter collectively referred to as the "Underlying Actions."

21.    The *Taliaoa* Action and *D.M. and N.M.* Action have settled and are no longer active.

22.    The Underlying Actions contain allegations that on September 26, 2016, Lethesia Guzman was operating a Ford Fusion eastbound on Interstate 80 near Sacramento, California when she struck a vehicle being driven by a non-party, Steven Koester, causing the Ford Fusion to become disabled and come to rest partially blocking the roadway.

23.    A tractor-trailer allegedly owned by Morning Star Trucking and driven by Defendant Marquez, collided with the Ford Fusion, David Miranda, and Guzman, which allegedly caused Miranda and Guzman to be catapulted over the side of the causeway to the ground 30 feet below, resulting in Miranda's death.  This collision also allegedly caused the Ford Fusion to move further into the roadway and into the path of a vehicle driven by the Taliaoas.  The Taliaoa vehicle collided with

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, CA 90071
Telephone: (213) 358-7600

1    the Ford Fusion, causing alleged injuries to the Taliaoas.

2        24.    At the time of the accident, Defendant Marquez was transporting a

3    shipment of tomatoes on behalf of Morning Star Trucking to be processed at a plant

4    owned by Liberty Packing.

5        25.    Based on these allegations, the *Taliaoa* Action contained causes of

6    action for (1) Negligence/Personal Injury; and (2) Loss of Consortium, the *D.M. and*

7    *N.M.* Action contained causes of action for (1) Motor Vehicle Negligence; (2)

8    Negligent Hiring & Supervision; (3) General Negligence and Negligence Per Se;

9    and (4) Gross Negligence, and the *L.M.* Action contains causes of action for (1)

10   Motor Vehicle Negligence; (2) Negligence/Negligence Per Se; (3) Negligent Hiring,

11   Supervision and Retention; (4) Dangerous Condition of Public Property; (5)

12   Negligence/Special Duty; and (6) Negligent Maintenance and Operation.

13       26.    Various cross-complaints have been brought by defendants in the

14   Underlying Actions against certain other cross-defendants.

15       27.    Ultimately, each of the Corporate Defendants was named as a

16   defendant or cross-defendant in one or more of the Underlying Actions, L.M. is the

17   plaintiff in the *L.M.* Action, and Guzman is a cross-complainant in one or more of

18   the Underlying Actions.

19   **The Relationships Among the Corporate Defendants and Their Involvement in**

20   **the Underlying Actions.**

21       28.    Defendant Morning Star Trucking was the owner of the Tractor-Trailer

22   involved in the accident and the alleged employer of Defendant Marquez, who was

23   driving the truck at the time of the accident.

24       29.    Liberty Packing is engaged in the business of food packing.  It was the

25   destination of the tractor-trailer, which was loaded with a shipment of tomatoes to

26   be transported to Liberty Packing's plant.

27       30.    Morning Star Trucking and Liberty Packing operate pursuant to a

28   Tomato Trucking Agreement, under which Morning Star Trucking provides all

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, CA 90071
Telephone: (213) 358-7600

services required for the transportation and movement of tomatoes from growing fields to Liberty Packing's facility.

31.    Morning Star Company is in the business of agricultural trading and is the parent company of Morning Star Trucking.

32.    Morning Star Packing is an affiliate of Morning Star.

33.    California Sun is an affiliate of Morning Star that issued paychecks to Defendant Marquez.

## FIRST CAUSE OF ACTION

### (Declaratory Relief Regarding the Duty to Defend)

### (Against Corporate Defendants and Defendant Marquez)

34.    Great American incorporates by reference, as if fully restated here, all preceding paragraphs of this complaint.

35.    An actual controversy has arisen and now exists between Great American, on the one hand, and the Corporate Defendants, and each of them, and Defendant Marquez, on the other hand, concerning their respective rights and duties under the Great American Policy as respects insurance coverage for the *L.M.* Action and the injuries allegedly sustained by Miranda, L.M. and Guzman and alleged in the Underlying Actions.

36.    Great American is informed and believes and thereon alleges that the Corporate Defendants, and each of them, and Defendant Marquez contend that in the event that the Nationwide Policy is exhausted or otherwise no longer provides coverage, Great American will be obligated to defend the Corporate Defendants, and each of them, and Marquez under the Great American Policy for the injuries allegedly sustained by Miranda, L.M. and Guzman and alleged in the Underlying Actions.

37.    Great American contends that it can have no obligation to defend the Corporate Defendants and Defendant Marquez under the Great American Policy for the injuries allegedly sustained by Miranda, L.M. and Guzman and alleged in the

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, CA 90071
Telephone: (213) 358-7600

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, CA 90071
Telephone: (213) 358-7600

Underlying Actions because any potential coverage is subject to the EXCLUSION OF COVERAGE FOR SPECIFIED ENTITIES ENDORSEMENT, as the alleged liability of Defendant Marquez and each of the Corporate Defendants in the Underlying Actions arises entirely out of Morning Star Trucking's operations.

38.    Great American desires a judicial determination of its rights and duties under the Great American Policy with respect to coverage for the alleged injuries asserted by Miranda, L.M. and Guzman in the Underlying Actions.

39.    A judicial determination is necessary and appropriate at this time under the circumstances in order that the parties may ascertain their rights and duties as aforementioned.  Said controversy is incapable of resolution without judicial adjudication.  Accordingly, Great American has no plain, speedy and adequate remedy at law, and requests a declaratory judgment, adjudging that Great American will never have any obligation to defend the Corporate Defendants, and each of them, and Defendant Marquez under the Great American Policy for the injuries allegedly sustained by Miranda, L.M. and Guzman and alleged in the Underlying Actions.

## SECOND CAUSE OF ACTION

### (Declaratory Relief Regarding the Duty to Indemnify)
### (Against All Defendants)

40.    Great American incorporates by reference, as if fully restated here, all preceding paragraphs of this complaint.

41.    An actual controversy has arisen and now exists between Great American, on the one hand, and the Corporate Defendants, and each of them, and Defendant Marquez, on the other hand, concerning their respective rights and duties under the Great American Policy as respects insurance coverage for the Underlying Actions and the injuries allegedly sustained by Miranda, L.M. and Guzman and alleged in the Underlying Actions.

42.     Great American is informed and believes and thereon alleges that the Corporate Defendants, and each of them, and Defendant Marquez contend that Great American is obligated to indemnify the Corporate Defendants, and each of them, and Defendant Marquez under the Great American Policy for the injuries allegedly sustained by Miranda, L.M. and Guzman and alleged in the Underlying Actions.

43.     Great American is informed and believes and thereon alleges that Corporate Defendants, and each of them, and Defendant Marquez contend that Great American will be obligated to indemnify them under the Great American Policy for any and all judgments entered in the Underlying Actions for the injuries allegedly sustained by Miranda, L.M. and Guzman and alleged in the Underlying Actions.

44.     Great American contends that it has no obligation to indemnify the Defendants, and each of them, under the Great American Policy for the injuries allegedly sustained by Miranda, L.M. and Guzman and alleged in the Underlying Actions because any potential coverage is subject to the EXCLUSION OF COVERAGE FOR SPECIFIED ENTITIES ENDORSEMENT, as the alleged liability of Defendant Marquez and each of the Corporate Defendants in the Underlying Actions arises out of Morning Star Trucking's operations.

45.     Great American desires a judicial determination of its rights and duties under the Great American Policy with respect to coverage for the alleged injuries asserted in the Underlying Actions.

46.     A judicial determination is necessary and appropriate at this time under the circumstances in order that the parties may ascertain their rights and duties as aforementioned.  Said controversy is incapable of resolution without judicial adjudication.  Accordingly, Great American has no plain, speedy and adequate remedy at law, and requests a declaratory judgment, adjudging that Great American has no duty to indemnify the Defendants, and each of them, under the Great

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, CA 90071
Telephone: (213) 358-7600

American Policy for the alleged injuries asserted in the Underlying Actions.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff Great American prays for relief as follows:

1.      For a judgment that, by reason of the "EXCLUSION OF COVERAGE FOR SPECIFIED ENTITIES ENDORSEMENT" in the Policy, as well as other terms, conditions, exclusions, and limitations of the Policy, that in the event that the Nationwide Policy is exhausted or otherwise no longer provides coverage, Great American will never have any obligation under the Policy to defend Defendant Marquez or any of the Corporate Defendants with respect to the Underlying Actions;

2.      For a declaration that, by reason of the "EXCLUSION OF COVERAGE FOR SPECIFIED ENTITIES ENDORSEMENT" in the Policy, as well as other terms, conditions, exclusions, and limitations of the Policy, Great American has no obligation under the Policy to indemnify Defendant Marquez or any of the Corporate Defendants with respect to the Underlying Actions;

3.      For costs incurred herein; and

4.      For such other and further relief as this Court deems just and proper.


Dated:  December 27, 2023          CLYDE & CO US LLP


                                   By:    _/s/ Yvonne M. Schulte_
                                          Yvonne M. Schulte
                                          Bradley R. Harding
                                          Attorneys for Plaintiff
                                          GREAT AMERICAN INSURANCE
                                          COMPANY

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, CA 90071
Telephone: (213) 358-7600

Great American Policy

# EXHIBIT A

CERTIFIED IMAGE COPY
0263807   GREAT AMERICAN INSURANCE CO

**GAI 6001 (Ed. 06 97)**

GREAT AMERICAN INSURANCE GROUP

Administrative Offices
301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

**Policy No.** TUU 0-30-42-89 - 04
**Renewal Of** TUU 0-30-42-89 - 03

## THE PROTECTOR COMMERCIAL UMBRELLA DECLARATIONS PAGE

| | |
|---|---|
| **1. NAMED INSURED AND ADDRESS:**<br>THE MORNING STAR PACKING COMPANY<br>724 MAIN STREET<br>WOODLAND, CA 95695 | **2. POLICY PERIOD:**<br>12:01 A.M. Standard Time at the address of the Named Insured shown at left.<br>From 06/30/2016 To 06/30/2017 |
| IN RETURN FOR PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY. | **PRODUCER'S NAME AND ADDRESS:**<br>WELLS FARGO INSURANCE SERVICES<br>11017 COBBLEROCK DRIVE, SUITE 100<br>RANCHO CORDOVA, CA 95670 |

Insurance is afforded by:
GREAT AMERICAN INSURANCE COMPANY

**3. PREMIUM:** Commercial Umbrella Premium
Personal Umbrella Premium
Total Advance Premium
Service Charge
Taxes
Surcharge
Total


REDACTED

In the event of cancellation by the Named Insured, the company will receive and retain no less than $ REDACTED. as a policy minimum premium.

**BASIS OF PREMIUM:** Non-Auditable ( X )   Auditable ( )

**4. LIMITS OF INSURANCE:** $ 25,000,000. Each Occurrence
$ 25,000,000. General Aggregate (Where Applicable)
$ 25,000,000. Products-Completed Operations Aggregate

**5. SELF-INSURED RETENTION:** $ -0-

**6. FORMS AND ENDORSEMENTS** applicable to all Coverage Forms and made part of this Policy at time of issue are listed on the attached Forms and Endorsements Schedule, GAI 6013 (Ed. 06/97).



CERTIFIED COPY

R. Kent Smith

12/22/23

GAI 6001 (Ed. 06/97)          (Page 1 of 1)



Administrative Offices
301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

GAI 6013 (Ed. 06 97)

## FORMS AND ENDORSEMENTS SCHEDULE

It is hereby understood and agreed the following forms and endorsements are attached to and are a part of this policy:

|  | Form and Edition | | ST | Date Added* or Date Deleted | Form Description |
|---|---|---|---|---|---|
| 1. | GAI6001 | 06/97 | CA | | PROTECTOR COMM'L UMBRELLA DEC PAGE |
| 2. | GAI6002 | 06/97 | CA | | PROTECTOR UMBRELLA COVERAGE FORM |
| 3. | GAI6003 | 06/97 | CA | | SCHEDULE A-SCHED/UNDERLYING POLICY |
| 4. | GAI6008 | 06/97 | CA | | SCHEDULE A (SUPPLEMENTAL) |
| 5. | GAI6013 | 06/97 | CA | | PROTECTOR CATASTROPHE LIA F&E SCHED |
| 6. | GAI6079 | 10/98 | CA | | ADDITIONAL INSURED LIMITATION |
| 7. | GAI6030 | 06/97 | CA | | CARE, CUSTODY OR CONTROL EXCLUSION |
| 8. | GAI6801 | 10/04 | CA | | ELECTRONIC DATA LIABILITY EXCLUSION |
| 9. | GAI6938 | 12/07 | CA | | EXCL - EMPLOYMENT RELATED PRACTICES |
| 10. | GAI6050 | 06/97 | CA | | INTELLECTUAL PROPERTY EXCL |
| 11. | GAI6333 | 06/97 | CA | | EXCLUSION-LIA ARISING OUT OF LEAD |
| 12. | GAI6063 | 06/97 | CA | | OCCUPATIONAL DISEASE EXCLUSION |
| 13. | GAI6135 | 06/97 | CA | | PROFESSIONAL LIABILITY EXCLUSION |
| 14. | GAI6434 | 07/99 | CA | | AMEND INSRNG AGREEMNT-KNOWN INJ/DMG |
| 15. | GAI6827 | 12/13 | CA | | EXCL RCRD/DSTR MTRL/INFRMTN VLTN ST |
| 16. | GAI6047 | 06/97 | CA | | ADVERTISING INJURY-FOLLOWING FORM |
| 17. | GAI6446 | 09/01 | CA | | ALIEN PREM/MOBILE E |
| 18. | GAI6106 | 06/97 | CA | | AUTO LIABILITY - FOLLOWING FORM |
| 19. | GAI6113 | 06/97 | CA | | CONTRACTUAL LIAB - FOLLOWING FORM |
| 20. | GAI6153 | 06/97 | CA | | EMPLOYEE BENEFIT LIAB - FOLLOW FORM |
| 21. | GAI6129 | 06/97 | CA | | PERSONAL INJURY - FOLLOWING FORM |
| 22. | GAI6005 | 06/97 | CA | | NAMED INSURED |

*If not at inception

GAI 6013 (Ed. 06/97) PRO            (Page 1 of 3 )

Case 2:23-cv-03015-TLN-AC   Document   Filed 12/27/28   Page 15 of 92



Administrative Offices
301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

GAI 6013 (Ed. 06 97)

## FORMS AND ENDORSEMENTS SCHEDULE

It is hereby understood and agreed the following forms and endorsements are attached to and are a part of this policy:

|  | Form and Edition | ST | Date Added* or Date Deleted | Form Description |
|---|---|---|---|---|
| 1. | GAI6053 | 06/97 | CA | CANCELLATION AMENDMENT |
| 2. | GAI6817 | 10/04 | CA | PROPERTY DAMAGE REDEFINED |
| 3. | GAI6158 | 02/10 | CA | CA CHANGES |
| 4. | IL7324 | 08/12 | CA | ECONOMIC AND TRADE SANCTIONS CLAUSE |
| 5. | GAI6427 | 11/11 | CA | AMDMT OF POLLUTION EXCLUSION |
| 6. | GAI6343 | 06/97 | CA | EXCL OF COV FOR SPECIFIED ENTITIES |
| 7. | GAI6044 | 06/97 | CA | UNIMPAIRED AGGREGATE ENDT |
| 8. | GAI6473 | 01/08 | CA | DISC PURSUANT TERR RISK ACT REJECTN |
| 9. | GAI6461 | 11/02 | CA | WAR OR TERRORISM EXCLUSION |
| 10. | GAI6011 | 06/97 | CA | GENERAL ENDORSEMENT |
| 11. | GAI6011 | 06/97 | CA | GENERAL ENDORSEMENT |
| 12. | GAI6045 | 06/97 | CA | WATERCRAFT LIA-FOLLOWING FORM |
| 13. | GAI6011 | 06/97 | CA | GENERAL ENDORSEMENT |
| 14. | GAI6011 | 06/97 | CA | GENERAL ENDORSEMENT |
| 15. | GAI6011 | 06/97 | CA | GENERAL ENDORSEMENT |
| 16. | GAI6011 | 06/97 | CA | GENERAL ENDORSEMENT |
| 17. | GAI6011 | 06/97 | CA | GENERAL ENDORSEMENT |
| 18. | GAI6011 | 06/97 | CA | GENERAL ENDORSEMENT |
| 19. | GAI6011 | 06/97 | CA | GENERAL ENDORSEMENT |
| 20. | GAI6011 | 06/97 | CA | GENERAL ENDORSEMENT |
| 21. | GAI6069 | 06/97 | CA | MEDICAL PROFESS SERVICE-FOLLOW FORM |
| 22. | GAI6339 | 06/97 | CA | PUNITIVE OR EXEMPLARY DMGS EXCL |

*If not at inception



GREAT AMERICAN INSURANCE GROUP

Administrative Offices
301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

GAI 6013 (Ed. 06 97)

## FORMS AND ENDORSEMENTS SCHEDULE

It is hereby understood and agreed the following forms and endorsements are attached to and are a part of this policy:

|  | Form and Edition | ST | Date Added* or Date Deleted | Form Description |
|---|---|---|---|---|
| 1. | GAI6047 | 06/97 | CA | ADVERTISING INJURY-FOLLOWING FORM |
| 2. | GAI6819 | 10/04 | CA | SILICA OR RELATED DUST EXCLUSION |
| 3. | GAI6011 | 06/97 | CA | GENERAL ENDORSEMENT |
| 4. | GAI7281 | 08/14 | CA | EXCLUSION - ORGANIC PATHOGENS |
| 5. | GAI6026 | 06/97 | CA | CROSS SUITS EXCLUSION |
| 6. | GAI7272 | 07/14 | CA | EXCL ACCESS/DSCLSRE OF CONFIDENTIAL |
| 7. | GAI6043 | 06/97 | CA | SEEDMEN'S ERRORS & OMISSIONS EXCL |
| 8. | GAI6146 | 06/97 | CA | FAILURE TO SUPPLY EXCLUSION |
| 9. | GAI6333 | 06/97 | CA | EXCLUSION-LIA ARISING OUT OF LEAD |
| 10. | GAI6474 | 03/03 | CA | WAR LIABILITY EXCLUSION |
| 11. | GAI6079 | 10/98 | CA | ADDITIONAL INSURED LIMITATION |
| 12. | IL7268 | 09/09 | CA | IN WITNESS CLAUSE |
| 13. | | | | |
| 14. | | | | |
| 15. | | | | |
| 16. | | | | |
| 17. | | | | |
| 18. | | | | |
| 19. | | | | |
| 20. | | | | |
| 21. | | | | |
| 22. | | | | |

*If not at inception

GAI 6013 (Ed. 06/97) PRO          (Page 3 of 3 )



**GREAT AMERICAN**
INSURANCE GROUP

Administrative Offices
301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

GAI 6003
(Ed.  06 97)

## SCHEDULE A -  SCHEDULE OF UNDERLYING INSURANCE

| Carrier, Policy Number and Period | Type of Coverage | Limits of Insurance |
|---|---|---|
| a) THE TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA POLICY: TC2JUB419J505616 6/30/16 TO 6/30/17 THE MORNING STAR COMPANY, L.P. | Employers Liability | Bodily Injury By Accident<br><br>$ 1,000,000.    each accident<br><br>Bodily Injury By Disease<br><br>$ 1,000,000.    policy limit<br><br>$ 1,000,000.    each employee |
| b) NATIONWIDE AGRIBUSINESS POLICY: CPP135444A 6/30/16 TO 6/30/17 | Automobile/Garage<br><br>( X ) Any Automobile<br><br>(    ) Owned Automobile Only<br><br>(    ) Specifically Designated Automobile<br><br>(    ) Hired Automobile<br><br>(    ) Non-owned Automobile<br><br>(    ) Garage Liability<br><br>( X ) DEFENSE OUTSIDE THE LIMIT | (    ) Split Limit<br><br>Bodily Injury Liability<br><br>$        each person<br><br>$        each accident<br><br>Property Damage Liability<br><br>$        each accident<br><br>( X ) Combined Single Limit<br><br>$ 1,000,000.    each accident<br><br>(    ) Garage Operations<br><br>$        Auto only each accident<br><br>$        Other than auto each accident<br><br>$        Other than auto aggregate |
| | (    ) Garagekeepers Liability | $        each location |

0263807 GREAT AMERICAN INSURANCE CO

| Carrier, Policy Number and Period | Type of Coverage | Limits of Insurance |
|---|---|---|
| c) ( ) | Comprehensive General Liability including | ( ) Split Limit<br><br>Bodily Injury Liability |
| | ( ) Products-Completed Operation Liability | $ each occurrence<br><br>$ aggregate |
| | ( ) Broad Form Endorsement | Property Damage Liability |
| | ( ) | $ each occurrence |
| | | $ aggregate |
| | ( ) | ( ) Combined Single Limit |
| | | $ each occurrence |
| | | $ aggregate |
| OR | OR | OR |
| ( X )<br>NATIONWIDE AGRIBUSINESS INSURANCE COMPANY POLICY: CPP135444A 6/30/16 TO 6/30/17 | Commercial General Liability<br><br>( ) Occurrence Form<br>( ) Claims-Made Form | $10,000,000. General Aggregate Limit<br><br>$ 2,000,000. Products-Completed Operation Aggregate Limit |
| (X) DEFENSE OUTSIDE THE LIMIT | ( ) | $ 1,000,000. Personal and Advertising Injury Limit |
| Retroactive Date | | $ 1,000,000. Each Occurrence Limit |
| d) NATIONWIDE AGRIBUSINESS INSURANCE COMPANY POLICY: CPP135444A 6/30/16 TO 6/30/17 | EMPLOYEE BENEFIT LIABILITY | $1,000,000. EACH CLAIM<br><br>$1,000,000. AGGREGATE LIMIT |

GAI 6003 (Ed. 06/97) PRO        (Page 2 of 2)

C   *T5*07/15*(*SATNU*030428C-04   ORIG IMAGE COPY
0263807   GREAT AMERICAN INSURANCE CO

**GREAT AMERICAN**
**INSURANCE GROUP**

Administrative Offices
301 E 4th Street
Cincinnati OH  45202-4201
513 369 5000 ph

**GAI 6008**
(Ed. 06 97)

## SCHEDULE A -  SCHEDULE OF UNDERLYING INSURANCE (SUPPLEMENTAL)

| Carrier, Policy Number and Period | Type of Coverage | Limits of Insurance |
|---|---|---|
| THE TRAVELERS PROPERTY CASUALTY COMPANY OF AMERIA POLICY: WC10000017172010A 6/30/16 TO 6/30/17 PARADISE TOMATO KITCHENS, INC. | EMPLOYERS LIABILITY | BODILY INJURY BY ACCIDENT $1,000,000. EACH ACCIDENT <br><br> BODILY INJURY BY DISEASE $1,000,000. POLICY LIMIT $1,000,000. EACH EMPLOYEE |
| ZENITH INSURANCE COMPANY POLICY: Z235870108 11/6/15 TO 11/6/16 VSP PRODUCTS, INC. | | |
| INSURANCE COMPANY OF THE STATE OF PA POLICY: WS11004290 6/30/16 TO 6/30/17 | FOREIGN AUTOMOBILE <br><br> (X) HIRED AUTOMOBILE <br><br> (X) NON OWNED AUTOMOBILE <br><br> (X) DEFENSE OUTSIDE THE LIMIT | (X) COMBINED SINGLE LIMIT $1,000,000. EACH ACCIDENT |
| INSURANCE COMPANY OF THE STATE OF PA POLICY: WS11004290 6/30/16 TO 6/30/17 <br><br> (X) DEFENSE OUTSIDE THE LIMIT | FOREIGN COMMERCIAL GENERAL LIABILITY | $2,000,000. GENERAL AGGREG- ATE LIMIT <br> $2,000,000. PRODUCTS COMPL- ETED OPERATIONS AGGREGATE <br> $1,000,000. PERSONAL & ADV- ERTISING INJURY LIMIT <br> $1,000,000. EACH OCCURRENCE LIMIT |
| INSURANCE COMPANY OF THE STATE OF PA POLICY: WS11004290 6/30/16 TO 6/30/17 | FOREIGN EMPLOYERS LIABILITY | BODILY INJURY BY ACCIDENT $1,000,000. EACH ACCIDENT <br><br> BODILY INJURY BY DISEASE $1,000,000. POLICY LIMIT $1,000,000. EACH EMPLOYEE |

C  T   I   F   I   E   D   •   T   R   U   E   •   I   M   A   G   E   COPY
0263807    GREAT AMERICAN INSURANCE CO



Administrative Offices
301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

GAI 6008
(Ed. 06 97)

## SCHEDULE A - SCHEDULE OF UNDERLYING INSURANCE (SUPPLEMENTAL)

| Carrier, Policy Number and Period | Type of Coverage | Limits of Insurance |
|---|---|---|
| ZURICH MARINE SPECIALTY POLICY: 43791632 3/1/16 TO 3/1/17 | WATERCRAFT LIABILITY | $1,000,000. EACH OCCURRENCE $1,000,000. GENERAL AGGREGATE |
| WEST AMERICAN INSURANCE COMPANY POLICY: BAW(17)56251048 6/30/16 TO 6/30/17 HOTEL DEL ORO ONLY | AUTOMOBILE (X) HIRED AUTOMOBILE (X) NON-OWNED AUTOMOBILE (X) DEFENSE OUTSIDE THE LIMIT | COMBINED SINGLE LIMIT $1,000,000. EACH ACCIDENT |
| WEST AMERICAN INSURANCE COMPANY POLICY: BAW(17)56251048 6/30/16 TO 6/30/17 HOTEL MISSION DEL ORO SANTA NELLA (X) DEFENSE OUTSIDE THE LIMIT | COMMERCIAL GENERAL LIABILITY (X) OCCURRENCE FORM | $2,000,000. GENERAL AGGREGATE LIMIT $2,000,000. PRODUCTS COMPL-ETED OPERATIONS AGGREGATE $1,000,000. PERSONAL & ADV-ERTISING INJURY LIMIT $1,000,000. EACH OCCURRENCE LIMIT |
| WEST AMERICAN INSURANCE COMPANY POLICY: BAW(17)56251048 6/30/16 TO 6/30/17 HOTEL MISSION ORO | LIQUOR LIABILITY | $1,000,000. EACH COMMON CAUSE $2,000,000. GENERAL AGGREGATE LIMIT |
| AMTRUST POLICY: T.B.D. 12/1/16 TO 12/1/17 CA MASTER PLANT | EMPLOYERS LIABILITY | BODILY INJURY BY ACCIDENT $1,000,000. EACH ACCIDENT BODILY INJURY BY DISEASE $1,000,000. POLICY LIMIT $1,000,000. EACH EMPLOYEE |

GAI 6008 (Ed. 06/97) PRO          (Page 2 of 2)



Administrative Offices
301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

**GAI 6005**
(Ed. 06 97)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## NAMED INSURED

The Named Insured listed in Item **1** of the Declarations is changed to the following:

THEMORNING STAR PACKING COMPANY, L.P./THE MORNING STAR COMPANY,
  A CALIFORNIA CORPORATION
LIBERTY PACKING COMPANY, LLC
CAL SUN EQUIPMENT SERVICES, CO., LLC
CALIFORNIA SUN GROWER SERVICES CO. LLC
LUCERO FARMS, LLC
THE MORNING STAR TRUCKING COMPANY, LLC
MORNING STAR MERCED, LLC
  DBA: HOTEL M ISSION DE ORO
PARADISE TOMATO KITCHENS

This endorsement does not change any other provision of the policy.

GAI 6005 (Ed. 06/97) PRO                (Page 1   of 1  )

C  O  M  P  L  I  M  E  N  T  A  R  Y     I  M  A  G  E    COPY
0263807    GREAT AMERICAN INSURANCE CO



Administrative Offices
301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

**GAI 6011**
(Ed. 06 97)

## GENERAL ENDORSEMENT

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### GENERAL ENDORSEMENT SUMMARY
============================

LISTED BELOW ARE THE TITLE AND NUMBER OF PAGES FOR EACH GENERAL ENDORSEMENT (GAI 6011 ED. 06 97) INCLUDED IN THIS POLICY AND LISTED IN THE FORMS AND ENDORSEMENTS SCHEDULE (GAI 6013 ED. 06 97):

1. TOTAL DISCRIMINATION EXCLUSION - 1 PAGE

2. UNIMPAIRED LIMITS ENDORSEMENT - 1 PAGE

3. CRISIS MANAGEMENT EXCLUSION - 1 PAGE

4. GENETICALLY MODIFIED ORGANISM EXCLUSION - 1 PAGE

5. INJURY OR DAMAGE FROM AIRCRAFT DISCHARGE EXCLUSION - 1 PAGE

6. WEB SITE INJURY EXCLUSION - 1 PAGE

7. PESTICIDE OR HERBICIDE APPLICATOR LIMITATION ENDORSEMENT - 1 PAGE

8. FOREIGN LIABILITY LIMITATION ENDORSEMENT - 1 PAGE

9. TRANSMISSIBLE SPONGIFORM ENCEPHALOPATHY (TSE) EXCLUSION - 1 PAGE

10. ELECTROMAGNETIC RADIATION EXCLUSION - 1 PAGE


THIS ENDORSEMENT DOES NOT CHANGE ANY OTHER PROVISION OF THE POLICY.


GAI 6011 (Ed. 06/97) PRO          (Page 1 of 1  )

C  T5 07 15 (16 JUL 03) M280-04                                       CARRIER IMAGE COPY
0263807   GREAT AMERICAN INSURANCE CO

GREAT**AMERICAN**
INSURANCE GROUP

Administrative Offices
301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

**GAI 6011**
(Ed. 06 97)

## GENERAL ENDORSEMENT

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### TOTAL DISCRIMINATION EXCLUSION
================================

THE FOLLOWING EXCLUSION IS ADDED TO SECTION IV. - EXCLUSIONS:

ANY LIABILITY BASED UPON, ARISING OUT OF, RESULTING FROM, OR IN ANY WAY RELATED TO OR AS A CONSEQUENCE OF ACTUAL OR ALLEGED DISCRIMINATION, WHETHER INTENTIONAL OR UNINTENTIONAL, BASED UPON A PERSON'S SEX, SEXUAL PREFERENCE, MARITAL STATUS, RACE, CREED, RELIGION, NATIONAL ORIGIN, AGE, PHYSICAL OR MENTAL CAPABILITIES, PHYSICAL OR MENTAL CHARACTERISTICS, OR PHYSICAL OR MENTAL CONDITION.

THIS ENDORSEMENT DOES NOT CHANGE ANY OTHER PROVISION OF THE POLICY.

GAI 6011 (Ed. 06/97) PRO          (Page 1 of 1  )

23

C *T5*07/15/16*THU0304288-04   0263807   GREAT AMERICAN INSURANCE CO   ORIG IMAGE COPY

**GREAT AMERICAN**
INSURANCE GROUP

Administrative Offices
301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

**GAI 6011**
(Ed. 06 97)

## GENERAL ENDORSEMENT

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

UNIMPAIRED LIMITS ENDORSEMENT
===============================

THE UNDERLYING LIMIT(S) OF ALL "UNDERLYING INSURANCE" SHALL BE UNIMPAIRED AT THE BEGINNING OF THE POLICY PERIOD OF THIS POLICY SHOWN IN THE DECLARATIONS AND, FOR THE PURPOSES OF THIS POLICY, ONLY "BODILY INJURY", "PROPERTY DAMAGE" "PERSONAL INJURY", OR "ADVERTISING INJURY" CAUSED BY AN "OCCURRENCE" TAKING PLACE DURING THE POLICY PERIOD OF THIS POLICY SHALL BE CONSIDERED IN DETERMINING THE EXTENT OF ANY EXHAUSTION OF SUCH UNDERLYING LIMIT(S).

THIS ENDORSEMENT DOES NOT CHANGE ANY OTHER PROVISION OF THE POLICY.

C TFS 07 25 ( 03 15 09 24 289 - 0          IMAGE COPY
0263807     GREAT AMERICAN INSURANCE CO



Administrative Offices
301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

**GAI 6011**
(Ed. 06 97)

## GENERAL ENDORSEMENT

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

EXCLUSION-SPECIFIED COVERAGE
CRISIS MANAGEMENT EXCLUSION
=============================

THE FOLLOWING IS ADDED TO SECTION IV-EXCLUSIONS:

ANY LIABILITY, "LOSS", COST OR EXPENSE BASED UPON, ARISING OUT OF, OR IN ANY WAY RELATED TO THE UNDERLYING COVERAGE DESCRIBED IN SCHEDULE A BELOW:

SCHEDULE A
==========

COVERAGE: CRISIS MANAGEMENT EXCLUSION
INSURER: NATIONWIDE AGRIBUSINESS INSURANCE COMPANY
POLICY NUMBER: CPP135444A
FORM NUMBER: T.B.D.

IF THE FORM NUMBER LISTED IN SCHEDULE A ABOVE CONTAINS AN EDITION DATE, THIS EXCLUSION SHALL ALSO APPLY TO ANY OTHER EDITION DATES OR AMENDMENTS THAT MAY BE APPLICABLE TO SUCH UNDERLYING COVERAGE.

FURTHERMORE, IT IS AGREED THAT THE AGGREGATE LIMITS SHOWN FOR THE AFOREMENTIONED POLICY DESCRIBED IN ITEM 5. SCHEDULE OF UNDERLYING INSURANCE SHALL NEITHER BE REDUCED NOR EXHAUSTED BY REASON OF ANY PAID "LOSS" OR COST OF DEFENSE CAUSED BY OR ARISING OUT OF ANY CLAIMS FOR COVERAGE AS EXCLUDED ABOVE.

THIS ENDORSEMENT DOES NOT CHANGE ANY OTHER PROVISION OF THE POLICY.

GAI 6011 (Ed. 06/97) PRO          (Page 1 of 1 )



Administrative Offices
301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

**GAI 6011**
(Ed. 06 97)

## GENERAL ENDORSEMENT

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### GENETICALLY MODIFIED ORGANISM EXCLUSION
========================================

THE FOLLOWING EXCLUSION IS ADDED TO SECTION IV. - EXCLUSIONS:

ANY LIABILITY BASED UPON, ARISING OUT OF, OR IN ANY WAY RELATED TO THE PRESENCE OF ANY "GENETICALLY MODIFIED ORGANISM."

AS USED IN THIS ENDORSEMENT, "GENETICALLY MODIFIED ORGANISM" MEANS A PLANT, SEED, OR GRAIN THAT HAS BEEN ALTERED BY "GENETIC ENGINEERING." "GENETIC ENGINEERING" MEANS THE MANIPULATION OF AN ORGANISM'S GENETIC ENDOWMENT BY INTRODUCING OR ELIMINATING SPECIFIC GENES.

THIS ENDORSEMENT DOES NOT CHANGE ANY OTHER PROVISION OF THE POLICY.

GAI 6011 (Ed. 06/97) PRO          (Page 1 of 1  )

C *T5*03/15/1(SATN/L0304288-04                                                ORIG IMAGE COPY
                                    0263807   GREAT AMERICAN INSURANCE CO

GREAT AMERICAN
INSURANCE GROUP

Administrative Offices
301 E 4th Street
Cincinnati OH  45202-4201
513 369 5000 ph

**GAI 6011**
(Ed.  06 97)

### GENERAL ENDORSEMENT

THIS  ENDORSEMENT  CHANGES  THE  POLICY.  PLEASE  READ  IT  CAREFULLY.

INJURY  OR  DAMAGE  FROM  AIRCRAFT  DISCHARGE  EXCLUSION
=====================================================

THE  FOLLOWING  IS  ADDED  TO  SECTION  IV  -  EXCLUSIONS:

ANY  LIABILITY  BASED  UPON,  ARISING  OUT  OF,  OR  IN  ANY  WAY  RELATED  TO  THE  ACTUAL
OR  ALLEGED  RELEASE  OR  DISCHARGE  OF  ANY  SUBSTANCE  FROM  ANY  AIRCRAFT,  WHETHER
INTENDED  OR  NOT.

THIS  ENDORSEMENT  DOES  NOT  CHANGE  ANY  OTHER  PROVISION  OF  THE  POLICY.

GAI 6011 (Ed. 06/97) PRO            (Page 1 of 1  )

0263807   GREAT AMERICAN INSURANCE CO

**GREAT AMERICAN**
INSURANCE GROUP

Administrative Offices
301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

**GAI 6011**
(Ed. 06 97)

## GENERAL ENDORSEMENT

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

EXCLUSION-SPECIFIED COVERAGE
WEB SITE INJURY EXCLUSION
===============================

THE FOLLOWING IS ADDED TO SECTION IV-EXCLUSIONS:

ANY LIABILITY, "LOSS", COST OR EXPENSE BASED UPON, ARISING OUT OF, OR IN ANY WAY RELATED TO THE UNDERLYING COVERAGE DESCRIBED IN SCHEDULE A BELOW:

SCHEDULE A
==========

COVERAGE: WEB SITE INJURY EXCLUSION
INSURER: NATIONWIDE AGRIBUSINESS INSURANCE COMPANY
POLICY NUMBER: CPP135444A
FORM NUMBER: T.B.D.

IF THE FORM NUMBER LISTED IN SCHEDULE A ABOVE CONTAINS AN EDITION DATE, THIS EXCLUSION SHALL ALSO APPLY TO ANY OTHER EDITION DATES OR AMENDMENTS THAT MAY BE APPLICABLE TO SUCH UNDERLYING COVERAGE.

FURTHERMORE, IT IS AGREED THAT THE AGGREGATE LIMITS SHOWN FOR THE AFOREMENTIONED POLICY DESCRIBED IN ITEM 5. SCHEDULE OF UNDERLYING INSURANCE SHALL NEITHER BE REDUCED NOR EXHAUSTED BY REASON OF ANY PAID "LOSS" OR COST OF DEFENSE CAUSED BY OR ARISING OUT OF ANY CLAIMS FOR COVERAGE AS EXCLUDED ABOVE.

THIS ENDORSEMENT DOES NOT CHANGE ANY OTHER PROVISION OF THE POLICY.

C * C A S E C O N T I N U A T I O N - 0 4                                    SERVICE COPY
0263807    GREAT  AMERICAN  INSURANCE  CO

GREAT AMERICAN
INSURANCE GROUP

Administrative Offices
301 E 4th Street
Cincinnati OH  45202-4201
513 369 5000 ph

**GAI 6011**
(Ed. 06 97)

## GENERAL ENDORSEMENT

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

PESTICIDE OR HERBICIDE APPLICATOR LIMITATION ENDORSEMENT
================================================================

THE FOLLOWING EXCLUSION IS ADDED TO SECTION IV - EXCLUSIONS:

ANY LIABILITY FOR, CAUSED BY, ARISING OUT OF, IN CONNECTION WITH, OR IN
ANY WAY RELATED TO THE APPLICATION OF HERBICIDES OR PESTICIDES, IF THE
INSURED'S OPERATIONS DO NOT MEET THE STANDARDS OF ANY STATUTE, REGULATION,
OR LICENSE REQUIREMENT OF ANY FEDERAL, STATE OR LOCAL GOVERNMENT WHICH ARE
APPLICABLE TO THE USE OF SUCH HERBICIDES OR PESTICIDES.

IT IS FURTHER AGREED THAT THE AGGREGATE LIMITS SHOWN IN SCHEDULE OF
UNDERLYING INSURANCE SHALL NEITHER BE REDUCED NOR EXHAUSTED BY REASON OF ANY
PAID LOSS(ES) OR COST(S) OF DEFENSE CAUSED BY OR ARISING OUT OF THE
APPLICATION OF HERBICIDES OR PESTICIDES AS EXCLUDED ABOVE.

THIS EXCLUSION APPLIES EXCEPT TO THE EXTENT THAT SUCH COVERAGE IS PROVIDED
BY A POLICY LISTED IN THE SCHEDULE OF UNDERLYING INSURANCE, AND FOR NO
BROADER COVERAGE THAN IS PROVIDED BY SUCH POLICY.

IT IS FURTHER AGREED AND UNDERSTOOD THAT THE COMPANY'S LIMIT OF LIABILITY FOR
COVERAGE GRANTED BY THIS ENDORSEMENT IS LIMITED TO THE FOLLOWING:

   $2,000,000. EACH OCCURRENCE
   $2,000,000. AGGREGATE

THE LIMITS OF LIABILITY SHOWN ABOVE FOR EACH OCCURRENCE AND AGGREGATE ARE
PART OF, AND NOT IN ADDITION TO, THE LIMITS OF INSURANCE SHOWN IN THE
DECLARATIONS.

ALL EXPENSES WE INCUR IN THE INVESTIGATION OF ANY "CLAIM" OR DEFENSE OF ANY
"SUIT" RELATED TO THE SPECIFIC COVERAGE PROVIDED BY THIS ENDORSEMENT IS
SUBJECT TO THE LIMIT OF LIABILITY SHOWN ABOVE AND SUCH LIMITS WILL BE REDUCED
BY PAYMENT OF THESE AFOREMENTIONED EXPENSES OR COSTS.

FURTHERMORE, IRRESPECTIVE OF THE FOREGOING, NO INSURANCE COVERAGE WILL BE
CONSTRUED TO APPLY TO ANY LIABILITY FOR ANY INJURY OR DAMAGE RESULTING FROM:

   1.  THE INTENTIONAL VIOLATION OF STATUTE, ORDINANCE, REGULATION, LICENSE OR
       MANUFACTURER'S LABEL REQUIREMENT APPLICABLE TO SUCH APPLICATION;
   2.  THE APPLICATION OF HERBICIDES OR PESTICIDES FOR A PURPOSE OTHER THAN:
       KILLING, REPELLING OR CONTROLLING PESTS, RODENTS, OR INSECTS; OR
       KILLING OR CONTROLLING WEEDS.

THIS ENDORSEMENT DOES NOT CHANGE ANY OTHER PROVISION OF THE POLICY.



Administrative Offices
301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

**GAI 6011**
(Ed. 06 97)

### GENERAL ENDORSEMENT

THIS ENDORSEMENT CHANGES THE POLICY.   PLEASE READ IT CAREFULLY.

FOREIGN LIABILITY LIMITATION ENDORSEMENT
=========================================

THE FOLLOWING EXCLUSION IS ADDED TO SECTION IV - EXCLUSIONS:

ANY LIABILITY FOR ANY OCCURRENCE OUTSIDE THE UNITED STATES OF AMERICA, ITS TERRITORIES AND POSSESSIONS, PUERTO RICO, OR CANADA, EXCEPT TO THE EXTENT THAT SUCH INSURANCE IS PROVIDED BY A POLICY LISTED IN THE SCHEDULE OF UNDERLYING INSURANCE, AND FOR NO BROADER COVERAGE THAN IS PROVIDED BY SUCH POLICY.

NOTWITHSTANDING THE FOREGOING, THIS ENDORSEMENT AFFORDS NO COVERAGE FOR ANY LIABILITY WITHIN OR ARISING OUT OF THE ACCIDENTAL DEATH & DISMEMBERMENT OR FOR KIDNAP & EXTORTION COVERAGE PROVIDED BY A POLICY LISTED IN THE SCHEDULE OF UNDERLYING INSURANCE.

THIS ENDORSEMENT DOES NOT CHANGE ANY OTHER PROVISION OF THE POLICY.

GAI 6011 (Ed. 06/97) PRO          (Page 1 of 1  )

C *T5*07/15/(*SATNUL*30*28C-04                                                         ORIG IMAGE COPY
                                         0263807   GREAT AMERICAN INSURANCE CO

**GREAT AMERICAN**
INSURANCE GROUP

Administrative Offices
301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

**GAI 6011**
(Ed. 06 97)

## GENERAL ENDORSEMENT

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

TRANSMISSIBLE SPONGIFORM ENCEPHALOPATHY (TSE) EXCLUSION
========================================================

THE FOLLOWING IS ADDED TO SECTION IV - EXCLUSIONS:

ANY LIABILITY FOR BODILY INJURY, PROPERTY DAMAGE, PERSONAL INJURY OR
ADVERTISING INJURY, OR ANY OTHER LOSS, COST OR EXPENSE, INCLUDING BUT NOT
LIMITED TO INSPECTION COSTS, SURVEILLANCE COSTS, SLAUGHTER COSTS AND COSTS
OR EXPENSES RELATED TO, ARISING FROM OR ASSOCIATED WITH CLEAN-UP,
REMEDIATION, CONTAINMENT, REMOVAL OR ABATEMENT, CAUSED DIRECTLY OR
INDIRECTLY, IN WHOLE OR IN PART, BY ANY FORM OF TRANSMISSIBLE SPONGIFORM
ENCEPHALOPATHY (TSE) INCLUDING BUT NOT LIMITED TO BOVINE SPONGIFORM
ENCEPHALOPATHY (BSE), CHRONIC WASTING DISEASE (CWD), CREUTZFELDT-JAKOB
DISEASE (CJD), NEW VARIANT CREUTZFELDT-JAKOB DISEASE (NV-CJD), SCRAPIE
OR TRANSMISSIBLE MINK ENCEPHALOPATHY, REGARDLESS OF ANY OTHER CAUSE,
EVENT, MATERIAL OR PRODUCT THAT CONTRIBUTED CONCURRENTLY OR IN ANY
SEQUENCE TO THAT LOSS, INJURY, DAMAGE, COST OR EXPENSE AS LONG AS ANY FORM
OF TSE EITHER DIRECTLY OR SOLELY RESULTS IN, OR INITIATES THE SEQUENCE OF
EVENTS THAT RESULTS IN SUCH BODILY INJURY, PROPERTY DAMAGE, PERSONAL INJURY
OR ADVERTISING INJURY, LOSS, COST OR EXPENSE.

TSE INCLUDES BUT IS NOT LIMITED TO ANY LOSS, INJURY, DAMAGE, COST OR EXPENSE
WHICH IS RELATED TO OR CONTRIBUTED TO, CAUSED OR ACCELERATED BY OR RESULTS
FROM ANY FORM OF TSE, OR ANY SUPERVISION, INSTRUCTIONS, RECOMMENDATIONS,
WARNINGS OR ADVICE GIVEN OR WHICH SHOULD HAVE BEEN GIVEN IN CONNECTION
THEREWITH.

THIS ENDORSEMENT DOES NOT CHANGE ANY OTHER PROVISION OF THE POLICY.

GAI 6011 (Ed. 06/97) PRO            (Page 1 of 1  )



Administrative Offices
301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

**GAI 6011**
(Ed. 06 97)

### GENERAL ENDORSEMENT

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

ELECTROMAGNETIC RADIATION EXCLUSION
===================================

THE FOLLOWING EXCLUSION IS ADDED TO SECTION IV - EXCLUSIONS:

1. ANY LIABILITY ARISING OUT OF, RESULTING FROM, OR IN ANY WAY CAUSED BY OR RELATED TO ANY ACTUAL, ALLEGED OR THREATENED EXPOSURE TO RADIOACTIVE MATTER, INCLUDING BUT NOT LIMITED TO ELECTROMAGNETIC RADIATION; OR

2. ANY LOSS, COST, EXPENSE, LIABILITY OR OTHER TYPE OF OBLIGATION ARISING OUT OF OR RESULTING FROM, OR IN ANY WAY RELATED TO, ANY:

   A. CLAIM, SUIT, REQUEST, DEMAND, DIRECTIVE, OR ORDER BY OR ON BEHALF OF ANY PERSON, ENTITY, OR GOVERNMENTAL AUTHORITY THAT ANY "INSURED" OR OTHERS TEST FOR, MONITOR, CLEAN UP, REMOVE, CONTAIN, TREAT, ATTENUATE, DETOXIFY, NEUTRALIZE, OR IN ANY WAY RESPOND TO OR ASSESS THE EFFECTS OF ANY RADIOACTIVE MATTER, INCLUDING BUT NOT LIMITED TO ELECTROMAGNETIC RADIATION; OR TO ANY

   B. CLAIM OR SUIT BY OR ON BEHALF OF ANY PERSON, ENTITY, OR GOVERNMENTAL AUTHORITY FOR DAMAGES OR ANY OTHER RELIEF OR REMEDY BECAUSE OF TESTING FOR, MONITORING, CLEANING UP, REMOVING, CONTAINING, TREATING, ATTENUATING, DETOXIFYING, OR NEUTRALIZING, OR IN ANY WAY RESPONDING TO OR ASSESSING THE EFFECTS OF ANY RADIOACTIVE MATTER, INCLUDING BUT NOT LIMITED TO ELECTROMAGNETIC RADIATION.

THIS ENDORSEMENT DOES NOT CHANGE ANY OTHER PROVISION OF THE POLICY.

GAI 6011 (Ed. 06/97) PRO        (Page 1 of 1 )

ORIG IMAGE COPY

0263807 GREAT AMERICAN INSURANCE CO

**GREAT AMERICAN.**
INSURANCE GROUP

Administrative Offices
301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

IL 73 24 (Ed. 08 12)

**THIS ENDORSEMENT CHANGES YOUR POLICY. PLEASE READ IT CAREFULLY.**

## ECONOMIC AND TRADE SANCTIONS CLAUSE

This insurance does not apply to the extent that trade or economic sanctions or other laws or regulations prohibit us from providing insurance.

IL 73 24 (Ed. 08/12)

TRUE IMAGE COPY
0263807    GREAT AMERICAN INSURANCE CO

**GREAT AMERICAN**
INSURANCE GROUP

Administrative Offices
301 E 4th Street
Cincinnati OH  45202-4201
513 369 5000 ph

**IL 72 68**
(Ed. 09 09)

## In Witness Clause

In Witness Whereof, we have caused this Policy to be executed and attested, and, if required by state law, this Policy shall not be valid unless countersigned by our authorized representative.

**President**

**Secretary**



Administrative Offices
301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

**GAI 6343**
(Ed. 06 97)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## EXCLUSION OF COVERAGE FOR SPECIFIED ENTITIES ENDORSEMENT

The following exclusion is added to Section **IV - EXCLUSIONS:**

Any liability arising out of any operation(s) of the entity(ies) listed below:

1. MORNING STAR TRUCKING COMPANY LLC AS RESPECTS TO AUTO LIABILITY

2. 6 GENERAL LIABILITY

3.

4.

This endorsement does not change any other provision of the policy.

C *T5*07*15/160*HU030A2AC-04 ORIG IMAGE COPY
0263807 GREAT AMERICAN INSURANCE CO



Administrative Offices
301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

**GAI 6030**
(Ed. 06 97)

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## CARE, CUSTODY OR CONTROL EXCLUSION - REAL OR PERSONAL PROPERTY

The following exclusion is added to Section **IV - EXCLUSIONS**:

Any "property damage" to real or personal property in the care, custody or control of any "Insured," or loaned to any "Insured," or used, rented, or occupied by any "Insured," or as to which any "Insured" is for any purpose exercising physical control.

This endorsement does not change any other provision of the policy.

GAI 6030 (Ed. 06/97) XS

C *TS-07/15/16 THU 03:02 PM IMAGE COPY
0263807 GREAT AMERICAN INSURANCE CO

**GREAT AMERICAN** | Administrative Offices
INSURANCE GROUP | 301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

GAI 6801
(Ed. 10 04)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ELECTRONIC DATA LIABILITY EXCLUSION

The following exclusion is added to **SECTION IV - EXCLUSIONS**:

Any and all liability of any nature, including, but not limited to settlements, judgments, costs, charges, expenses, costs of investigations, or the fees of attorneys, experts, consultants or medical personnel, arising out of, caused by, resulting from, contributed to, aggravated by, or related in any way, either directly or indirectly, and either in whole or in part, to:

1. Damages arising out of the loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate "electronic data."

As used in this exclusion, "electronic data" means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

**This endorsement does not change any other provision of the policy.**

GAI 6801 (Ed. 10/04) XS

37

C                                                            ORIG IMAGE COPY
0263807    GREAT AMERICAN INSURANCE CO



Administrative Offices
301 E 4th Street
Cincinnati OH  45202-4201
513 369 5000 ph

**GAI 6938**
(Ed. 12  07)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## EXCLUSION - EMPLOYMENT RELATED PRACTICES

This endorsement modifies insurance provided under the following:

COMMERCIAL UMBRELLA COVERAGE FORM
SAFEPAK® UMBRELLA LIABILITY COVERAGE FORM

Exclusion **O.** is deleted from Section **IV - EX-CLUSIONS** and replaced by the following:

**O.** "Bodily injury," "property damage," "personal injury" or "advertising injury" arising out of any:

1. refusal to employ or promote;

2. termination of employment;

3. coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, molestation, humiliation, discrimination, malicious prosecution directed at that person; or other employment related practices, policies, acts or omissions; or

4. consequential "bodily injury," "property damage," "personal injury" or "advertising injury" as a result of **O.1** through **O.3.**

This exclusion applies whether the injury-causing event described in **O.1** through **O.4** occurs before employment, during employment or after employment of that person, and whether the "Insured" may be held liable as an employer or in any other capacity, and to any obligations to share damages with or to repay someone else who must pay damages because of "bodily injury," "property damage," "personal injury" or "advertising injury."

**This endorsement does not change any other provision of the policy.**

GAI 6938  (Ed. 12/07) XS

38

ORIG IMAGE COPY
0263807 GREAT AMERICAN INSURANCE CO



Administrative Offices
301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

**GAI 6050**
(Ed. 06 97)

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## INTELLECTUAL PROPERTY EXCLUSION

The following exclusion is added to Section **IV - EXCLUSIONS:**

Any liability arising out of or directly or indirectly related to the actual or alleged publication or utterance or oral or written statements which are claimed as an infringement, violation or defense of any of the following rights or laws:

1. copyright, other than infringement of copyrighted advertising materials;

2. patent;

3. trade secrets;

4. trade dress; or

5. trade mark or service mark or certification mark or collective mark or trade name, other than trademarked or service marked titles or slogans.

This endorsement does not change any other provision of the policy.

GAI 6050 (Ed. 06/97) XS



Administrative Offices
301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

**GAI 6333**
(Ed. 06 97)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## EXCLUSION - LIABILITY ARISING OUT OF LEAD

The following exclusion is added to Section **IV - EXCLUSIONS:**

**1.** any liability arising out of, resulting from, or in any way caused by or related to any actual, alleged or threatened ingestion, inhalation, absorption, or exposure to lead, in any form from any source; or

**2.** any loss, cost, expense, liability or other type of obligation arising out of or resulting from, or in any way related to, any:

    **a.** claim, suit, request, demand, directive, or order by or on behalf of any person, entity, or governmental authority that any "Insured" or others test for, monitor, clean up, remove, contain, treat, detoxify, neutralize, or in any way respond to or assess the effects of lead in any form from any source, or to any

    **b.** claim or suit by or on behalf of any person, entity, or governmental authority for damages or any other relief or remedy because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, or neutralizing, or in any way responding to or assessing the effects of lead in any form.

This endorsement does not change any other provision of the policy.

GAI 6333 (Ed. 06/97) XS

COPY
0263807    GREAT AMERICAN INSURANCE CO



Administrative Offices
301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

**GAI 6063**
(Ed. 06 97)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## OCCUPATIONAL DISEASE EXCLUSION

The following exclusion is added to Section **IV - EXCLUSIONS:**

Any liability for or arising out of any "occupational disease" sustained by any employee of any "Insured" or any "leased worker" or "temporary worker."

As used in the endorsement, "occupational disease" is any abnormal condition or disorder, other than one resulting from an occupational injury, caused by a repetitive exposure to environmental factors associated with employment. It includes acute and chronic illnesses or diseases which may be caused by inhalation, absorption, ingestion or direct contact.

This endorsement does not change any other provision of the policy.

GAI 6063 (Ed. 06/97) XS

41

C  T  PROFESSIONAL LIABILITY EXCLUSION  SAMPLE  COPY
0263807    GREAT  AMERICAN  INSURANCE  CO

GREAT AMERICAN.
INSURANCE GROUP

Administrative Offices
301 E 4th Street
Cincinnati OH  45202-4201
513 369 5000 ph

**GAI 6135**
(Ed. 06  97)

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### PROFESSIONAL  LIABILITY  EXCLUSION

The following exclusion is added to Section **IV - EXCLUSIONS:**

Any liability for, caused by, arising out of, or in connection with the rendering of or failure to render any professional service.

This endorsement does not change any other provision of the policy.

GAI 6135 (Ed. 06/97) XS

C *T5:07/25/16 TN15 20N2AC-04 DRAFT IMAGE COPY
0263807   GREAT AMERICAN INSURANCE CO

**GREAT**AMERICAN®
INSURANCE GROUP

Administrative Offices
301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

GAI 6827 (Ed. 12 13)

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## EXCLUSION - RECORDING AND DISTRIBUTION OF MATERIAL OR INFORMATION IN VIOLATION OF STATUTES OR COMMON LAW

This endorsement modifies insurance provided under the following:

COMMERCIAL UMBRELLA COVERAGE FORM

The following is added to **SECTION IV - EXCLUSIONS**:

Any liability for "Bodily injury", "property damage", "personal injury" or "advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

1. The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

2. The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

3. The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transactions Act (FACTA); or

4. Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

In addition, to the extent the acts or omissions which are alleged to violate the statutes, ordinances or regulations described above are also alleged to give rise to common law or tort claims, this insurance does not apply to "bodily injury," "property damage," "personal injury," or "advertising injury" arising, directly or indirectly, out of any such act or omission.

**This endorsement does not change any other provision of the policy.**

GAI 6827 (Ed. 12/13)

CERTIFIED IMAGE COPY
0263807   GREAT AMERICAN INSURANCE CO


GREAT AMERICAN.
INSURANCE GROUP

Administrative Offices
301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

**GAI 6047**
(Ed. 06 97)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADVERTISING INJURY - FOLLOWING FORM

The following exclusion is added to Section **IV. EXCLUSIONS:**

Any liability imposed by law, or assumed by any "Insured" under an "insured contract," because of "advertising injury," except to the extent that such insurance is provided by a policy listed in the Schedule of "Underlying Insurance" and for no broader coverage than is provided by such coverage.

This endorsement does not change any other provision of the policy.

GAI 6047 (Ed. 06/97) XS

44

ORIG IMAGE COPY

0263807   GREAT AMERICAN INSURANCE CO

**GREAT AMERICAN.**
INSURANCE GROUP

Administrative Offices
301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

**GAI 6446**
(Ed. 09 01)

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### ALIENATED PREMISES AND MOBILE EQUIPMENT - FOLLOWING FORM

The following is added to Section **IV - EXCLUSIONS,** Item **Q:**

5.   "Property damage" arising out of premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises.

6.   "Bodily injury" or "property damage" arising out of the ownership, use, loading or unloading of any "mobile equipment."

**This endorsement does not change any other provision of the policy.**

GAI 6446 (Ed. 09/01) XS

SERVICE COPY
0263807    GREAT AMERICAN INSURANCE CO


Administrative Offices
301 E 4th Street
Cincinnati OH  45202-4201
513 369 5000 ph

**GAI 6106**
(Ed. 06  97)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## AUTO LIABILITY - FOLLOWING FORM

The following exclusion is added to Section **IV - EXCLUSIONS:**

Any liability arising out of the ownership, maintenance, operation, use, "loading" or "unloading" of any "auto," except to the extent that such insurance is provided by a policy listed in the Schedule of Underlying Insurance, and for no broader coverage than is provided by such policy.

This endorsement does not change any other provision of the policy.

GAI 6106 (Ed. 06/97) XS

C       O       U       R       T       COPY

0263807   GREAT AMERICAN INSURANCE CO



Administrative Offices
301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

**GAI 6113**
(Ed. 06 97)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## CONTRACTUAL LIABILITY - FOLLOWING FORM

The following exclusion is added to Section **IV - EXCLUSIONS:**

Any liability assumed by any "Insured" under any "insured contract," except to the extent that such insurance is provided by a policy listed in the Schedule of Underlying Insurance, and for no broader coverage than is provided by such policy.

This endorsement does not change any other provision of the policy.

GAI 6113 (Ed. 06/97) XS

C   '  . . . . . . . . . . . . . . . . . . . . . . . . . . . . E COPY
0263807   GREAT AMERICAN INSURANCE CO



Administrative Offices
301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

**GAI 6153**
(Ed. 06  97)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## EMPLOYEE BENEFIT LIABILITY - FOLLOWING FORM

The following exclusion is added to Section **IV - EXCLUSIONS:**

Any actual or alleged act, error, or omission in the administration of any "Insured's" Employee Benefit Programs, except to the extent that such insurance is provided by a policy listed in the Schedule of Underlying Insurance, and for no broader coverage than is provided by such policy.

This endorsement does not change any other provision of the policy.

GAI 6153 (Ed. 06/97) XS

C *T 4 0 2 /  2 3 - / c v - 0 8 0 1 5 - T L N 2 A C - 0 4  SERVICE COPY
0263807    GREAT AMERICAN INSURANCE CO



Administrative Offices
301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

**GAI 6129**
(Ed. 06 97)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## PERSONAL INJURY - FOLLOWING FORM

The following exclusion is added to Section **IV - EXCLUSIONS:**

Any liability imposed by law, or assumed by any "Insured" under an "insured contract," because of "personal injury," except to the extent that such insurance is provided by a policy listed in the Schedule of Underlying Insurance, and for no broader coverage than is provided by such policy.

This endorsement does not change any other provision of the policy.

GAI 6129 (Ed. 06/97) XS

C   O   M   P   L   I   A   N   C   E   COPY
0263807    GREAT AMERICAN INSURANCE CO

GREAT AMERICAN INSURANCE GROUP

Administrative Offices
301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

GAI 6427 (Ed. 11 11)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## AMENDMENT OF POLLUTION EXCLUSION - EXCEPTION FOR NAMED PERIL OF HOSTILE FIRE; BUILDING HEATING EQUIPMENT

Exclusion **L.** is deleted from Section **IV. - EXCLUSIONS** and is replaced by the following:

Any liability, including, but not limited to settlements, judgments, costs, charges, expenses, costs of investigations, or the fees of attorneys, experts, or consultants arising out of or in any way related to:

1. The actual, alleged or threatened presence, discharge, dispersal, seepage, migration, release or escape of "pollutants," however caused.

2. Any request, demand, or order that any "insured" or others test for, monitor, clean-up, remove, contain, treat, detoxify, neutralize or in any way respond to or assess the effects of "pollutants." This includes demands, directives, complaints, suits, orders or requests brought by any governmental entity or by any person or group of persons.

3. Steps taken or amounts incurred by a governmental unit or any other person or organization to test for, monitor, clean-up, remove, contain, treat, detoxify or neutralize or assess the effects of "pollutants."

This exclusion will apply to any liability, costs, charges or expenses, or any judgments or settlements, arising directly or indirectly out of pollution whether or not the pollution was sudden, accidental, gradual, intended, expected, unexpected, preventable or not preventable.

As used in this exclusion "pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including, but not limited to, smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste material. Waste material includes materials which are intended to be or have been recycled, reconditioned or reclaimed.

This exclusion does not apply to:

1. "Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "Hostile Fire" at any "insured's" premises or job location; or

2. "Bodily injury" if sustained within a building and caused by smoke, fumes, vapor, or soot from equipment used to heat, cool or dehumidify that building, or equipment used to heat water for personal use by the building occupants or guests;

To the extent that such insurance is provided by a policy listed in the schedule of underlying insurance, and for no broader coverage than is provided by such policy.

As used in this exclusion:

**"Hostile Fire"** means one which becomes uncontrollable or breaks out from where it was intended to be.

**This endorsement does not change any other provision of the policy.**

GAI 6427 (Ed. 11/11)



Administrative Offices
301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

**GAI 6045**
(Ed. 06 97)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## WATERCRAFT LIABILITY - FOLLOWING FORM

Exclusion **Q.2.** in Section **IV. EXCLUSIONS** is deleted and the following exclusion is added to Section **IV. EXCLUSIONS:**

Any liability arising out of the ownership, maintenance, operation, use, "loading," or "unloading" of any watercraft, except to the extent that such insurance is provided by a policy listed in the Schedule of Underlying Insurance, and for no broader coverage than is provided by such policy; but this exclusion will not apply to watercraft while ashore on premises owned by, rented to, or controlled by you.

This endorsement does not change any other provision of the policy.

GAI 6045 (Ed. 06/97) XS

C  Y F . . R 7 / 2 5 · /  E O 3 0 1 5 / 3 N 2 A C - 0 4   . . . . . . . . . R E . . M O S E   COPY
0263807    GREAT  AMERICAN  INSURANCE  CO

GREAT**AMERICAN**
INSURANCE GROUP

Administrative Offices
301 E 4th Street
Cincinnati OH  45202-4201
513 369 5000 ph

**GAI 6069**
(Ed. 06 97)

**THIS  ENDORSEMENT  CHANGES  THE  POLICY.  PLEASE  READ  IT  CAREFULLY.**

## MEDICAL  PROFESSIONAL  SERVICES  -  FOLLOWING  FORM

The following exclusions are added to Section **IV - EXCLUSIONS:**

Any liability arising out of:

**1.** the rendering of or failure to render:

   **a.** any medical, surgical, dental, x-ray or nursing service, treatment, advice or instruction, or the related furnishing of food or beverages;

   **b.** any cosmetic or tonsorial service or treatment;

   **c.** any massage, physiotherapy, chiropody service or treatment;

   **d.** any hearing aid, optical or optometrical service or treatment;

   **e.** any health or therapeutic service, treatment, advice or instruction; or

   **f.** any service, treatment, advice or instruction for the purpose of appearance or skin enhancement, hair removal or replacement or personal grooming;

**2.** the furnishing, applying, injecting or dispensing of drugs, or medical, dental or surgical supplies or appliances;

**3.** the handling or the treatment of dead bodies, including autopsies, organ donations or other procedures;

**4.** any service by any person as a member of formal accreditation or similar professional board or committee of any "Insured" or as a person charged with the duty of executing directives of any such board or committee;

except to the extent that such insurance is provided by a policy listed in the Schedule of Underlying Insurance, and for no broader coverage than is provided by such policy.

This endorsement does not change any other provision of the policy.

GAI 6069 (Ed. 06/97) XS

C  *TES-02/23-/ /60-3NHS-30N2AC-04      ORIG IMAGE COPY
0263807    GREAT AMERICAN INSURANCE CO

**GREAT AMERICAN** | Administrative Offices
INSURANCE GROUP | 301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

**GAI 6339**
(Ed. 06 97)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**PUNITIVE OR EXEMPLARY DAMAGES EXCLUSION**

The following exclusion is added to Section **IV - EXCLUSIONS:**

Any award of, or liability for, punitive or exemplary damages.

This endorsement does not change any other provision of the policy.

GAI 6339 (Ed. 06/97) XS

C  INSURANCE COPY
0263807    GREAT AMERICAN INSURANCE CO



Administrative Offices
301 E 4th Street
Cincinnati OH  45202-4201
513 369 5000 ph

**GAI 6819**
(Ed. 10  04)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## SILICA  OR  RELATED  DUST  EXCLUSION

The following exclusion is added to **SECTION IV - EXCLUSIONS**:

Any and all liability of any nature, including, but not limited to settlements, judgments, costs, charges, expenses, costs of investigations, or the fees of attorneys, experts, consultants or medical personnel, arising out of, caused by, resulting from, contributed to, aggravated by or related in any way, either directly or indirectly, and either in whole or in part, to:

1. Any actual, alleged or threatened exposure to, existence of, presence of, ingestion of, inhalation of or contact with "silica" or dust that includes or contains "silica," whether or not occurring alone, in combination with, before, after, or concurrently with any other cause, contributing condition or circumstance, or aggravating factor, whether manmade, natural, or any combination of manmade or natural.

2. Any request, demand, or order that any "Insured" or others test for, monitor, clean up, remove, contain, make repairs, treat, decontaminate, detoxify, neutralize, abate, or in any way respond to or assess any effects of "silica" or dust that includes or contains "silica." This includes, but is not limited to, any demand, directive, complaint, suit, order or request by any governmental or non-governmental entity or by any organization, person or group of persons.

3. Steps taken or amounts incurred by any governmental or non-governmental entity or by any organization, person or group of persons to test for, monitor, clean up, remove, contain, repair, treat, decontaminate, detoxify, neutralize, abate, or in any way respond to or assess any effects of "silica" or dust that includes or contains "silica."

This exclusion applies regardless of whether or not the "silica" or dust that includes or contains "silica," or any of their effects, were sudden, accidental, gradual, intended, expected, unexpected, preventable, not preventable, manmade, naturally occurring, or any combination of the foregoing.

As used in this exclusion:

"Silica" means silicon dioxide ($SiO_2$) in any form, from any source.

**This endorsement does not change any other provision of the policy.**

SERVICE COPY
0263807    GREAT AMERICAN INSURANCE CO

GREAT AMERICAN
INSURANCE GROUP

Administrative Offices
301 E 4th Street
Cincinnati OH 45202
513 369 5000 ph

GAI 7281 (Ed. 08/14)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## EXCLUSION - ORGANIC PATHOGENS - WITH EXCEPTION FOR FOOD AND BEVERAGES

This endorsement modifies insurance provided under the following:

COMMERCIAL UMBRELLA COVERAGE FORM

The following is added to **SECTION IV. EXCLUSIONS**:

**Organic Pathogens**

1. "Bodily injury", "property damage", "personal injury" or "advertising injury" arising out of any actual, alleged or threatened infectious, pathogenic, toxic or other harmful properties of any "organic pathogen."

2. Any loss, cost or expense arising out of any:

   a. request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of any "organic pathogen," or

   b. "claim" or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of any "organic pathogen."

This exclusion does not apply to "bodily injury" caused by any "organic pathogen" in or on any food or beverages sold, distributed, served or handled by any insured. However, under no circumstances will the coverage provided by this Policy be any broader than the coverage provided by the "underlying insurance".

The following definition is added to **SECTION V. DEFINITIONS**:

**"Organic pathogen"** means any:

1. Bacteria; mildew, mold or other fungi; other microorganisms; or mycotoxins, spores or other by-products of any of the foregoing;

2. Viruses or other pathogens (whether or not a microorganism); or

3. Colony or group of any of the foregoing.

**All other terms and conditions of the Policy apply.**

GAI 7281 (Ed. 08/14)

C  T I A L  CO P Y  .  PRIVILEGE COPY
0263807    GREAT AMERICAN INSURANCE CO

GREAT AMERICAN
INSURANCE GROUP

Administrative Offices
301 E 4th Street
Cincinnati OH  45202-4201
513 369 5000 ph

**GAI 6026**
(Ed. 06  97)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## CROSS SUITS EXCLUSION

The following exclusion is added to Section **IV - EXCLUSIONS:**

Any liability of any "Insured" covered under this policy to any other "Insured" covered under this policy.

This endorsement does not change any other provision of the policy.

GAI 6026  (Ed. 06/97) XS

56

**GREAT AMERICAN**
INSURANCE GROUP

Administrative Offices
301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

GAI 7272 (Ed. 07 14)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## EXCLUSION - ACCESS OR DISCLOSURE OF CONFIDENTIAL OR PERSONAL INFORMATION AND DATA-RELATED LIABILITY

This endorsement modifies insurance provided under the following:

COMMERCIAL UMBRELLA COVERAGE FORM

The following exclusion is added to Section **IV. EXCLUSIONS**:

**IV.   Exclusions**

This insurance does not apply to:

**Access Or Disclosure Of Confidential Or Personal Information And Data-related Liability**

Any liability or damages arising out of:

**1.**  Any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information; or

**2.**  The loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of that which is described in Paragraph **1.** or **2.** above.

As used in this exclusion, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

**This endorsement does not change any other provision of the policy.**

Includes copyrighted material of Insurance Services Office, Inc., with its permission
GAI 7272 (Ed. 07/14)

IMAGE COPY
0263807    GREAT AMERICAN INSURANCE CO



Administrative Offices
301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

**GAI 6043**
(Ed. 06 97)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**SEEDMEN'S ERRORS AND OMISSIONS EXCLUSION**

The following exclusion is added to Section **IV. EXCLUSIONS:**

Any liability for or arising out of:

1. erroneous delivery of seeds;

2. errors in chemical mixing;

3. cross pollination;

4. germination failure;

5. the presence of noxious weed seed;

6. mislabeling of seed batches;

7. inadequate seed performance.

This endorsement does not change any other provision of the policy.

GAI 6043 (Ed. 06/97) XS

C O N F I D E N T I A L   P R I V A T E   C O P Y
0263807    GREAT AMERICAN INSURANCE CO

**GREAT AMERICAN**
INSURANCE GROUP

Administrative Offices
301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

GAI 6146
(Ed. 06 97)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## FAILURE TO SUPPLY EXCLUSION

The following exclusion is added to Section **IV - EXCLUSIONS:**

Any liability caused by or arising out of the complete or partial failure or inability of any "Insured" to supply adequate gas, oil, water, electricity or steam when such failure or inability is the result of the inadequacy of any "Insured" to procure, produce, process, or transmit sufficient gas, oil, water, electricity or steam to meet the demand.

This endorsement does not change any other provision of the policy.

GAI 6146 (Ed. 06/97) XS

0263807   GREAT AMERICAN INSURANCE CO

 Administrative Offices
301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

**GAI 6333**
(Ed. 06 97)

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## EXCLUSION - LIABILITY ARISING OUT OF LEAD

The following exclusion is added to Section **IV - EXCLUSIONS:**

**1.** any liability arising out of, resulting from, or in any way caused by or related to any actual, alleged or threatened ingestion, inhalation, absorption, or exposure to lead, in any form from any source; or

**2.** any loss, cost, expense, liability or other type of obligation arising out of or resulting from, or in any way related to, any:

   **a.** claim, suit, request, demand, directive, or order by or on behalf of any person, entity, or governmental authority that any "Insured" or others test for, monitor, clean up, remove, contain, treat, detoxify, neutralize, or in any way respond to or assess the effects of lead in any form from any source, or to any

   **b.** claim or suit by or on behalf of any person, entity, or governmental authority for damages or any other relief or remedy because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, or neutralizing, or in any way responding to or assessing the effects of lead in any form.

This endorsement does not change any other provision of the policy.

GAI 6333 (Ed. 06/97) XS

NOT A TRUE COPY

0263807    GREAT AMERICAN INSURANCE CO

**GREAT AMERICAN**
INSURANCE GROUP

Administrative Offices
301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

**GAI 6079**
(Ed. 10  98)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED LIMITATION

Section **V - DEFINITION F. "Insured,"** Paragraph **5** is deleted and replaced by the following:

**5.** Any person or organization, other than the Named Insured, included as an additional "Insured" solely by virtue of an "Insured Contract," and to which coverage is provided by the "underlying insurance," and for no broader coverage than is provided by the "underlying insurance" to such additional "Insured." The Limits of Insurance applicable to the additional "Insured" are the lesser of those specified in the Declarations of this policy or those specified in the "insured contract" less the applicable "underlying insurance." The Limits of Insurance applicable to the additional "Insured" are included within, and not in addition to, the Limits of Insurance shown in the Declarations.

**This Endorsement does not change any other provision of the policy.**

GAI 6079 (Ed. 10/98) XS

61

CERTIFIED AUTHENTIC INSURANCE COPY
0263807    GREAT AMERICAN INSURANCE CO



Administrative Offices
301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

**GAI 6044**
(Ed. 06 97)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## UNIMPAIRED AGGREGATE ENDORSEMENT

The underlying aggregate limit(s) of all "underlying insurance," where applicable, shall be unimpaired at the beginning of the policy period of this policy shown in the Declarations and, for the purposes of this policy, only "occurrences" taking place during the policy period of this policy shall be considered in determining the extent of any exhaustion of such underlying aggregate limit(s).

This endorsement does not change any other provision of the policy.

GAI 6044 (Ed. 06/97) XS

C C O P Y   F R O M   I M A G E   C O P Y
0263807     GREAT AMERICAN INSURANCE CO



Administrative Offices
301 E 4th Street
Cincinnati OH  45202-4201
513 369 5000 ph

**GAI 6817**
(Ed. 10  04)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

### PROPERTY DAMAGE REDEFINED

Definition **M.** is deleted from **SECTION V - DEFINITIONS** and is replaced by the following:

**M.** "Property Damage" means:

  **1.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of physical injury that caused it; or

  **2.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

  For the purposes of this insurance, "electronic data" is not tangible property.

  As used in this exclusion, "electronic data" means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

**This endorsement does not change any other provision of the policy.**

GAI 6817 (Ed. 10/04) XS

63

C T E S 0 2 2 3 - c v - 0 3 0 1 5 - T L N 2 A C - 0 4    IMAGE COPY

0263807    GREAT AMERICAN INSURANCE CO

**GREAT**AMERICAN.
INSURANCE GROUP

Administrative Offices
301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

**GAI 6053**
(Ed. 06 97)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## CANCELLATION AMENDMENT

Condition **VI.D.2. (Cancellation)** is amended to read as shown below:

We may cancel this policy. If we cancel because of nonpayment of premium, we must mail or deliver to you not less than ten (10) days' advance written notice stating when the cancellation is to take effect. If we cancel for any other reason, we must mail or deliver to you not less than 90 days' advance written notice stating when the cancellation is to take effect. Mailing that notice to you at your mailing address shown in Item **1.** of the Declarations will be sufficient to prove notice.

This endorsement does not change any other provision of the policy.

GAI 6053 (Ed. 06/97) PRO          (Page 1 of 1)



Administrative Offices
301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

**GAI 6158**
(Ed. 02 10)

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### CALIFORNIA CHANGES

The term "spouse" is replaced by the following:

Spouse or registered domestic partner under California law.

Section **VI. - CONDITION D. Cancellation**, is deleted and replaced by the following:

**D.  Cancellation**

1.  You may cancel this policy. You must mail or deliver advance written notice to us stating when the cancellation is to take effect.

2.  If the policy has been in effective for 60 days or less, and is not a renewal of a policy we have previously issued, we may cancel this policy by mailing or delivering to the first Named Insured at the mailing address shown in the policy and to the producer of record, advance written notice of cancellation, stating the reason for cancellation, at least:

    a.  10 days before the effective date of cancellation if we cancel for:

        (1)  Nonpayment of premium; or

        (2)  Discovery of fraud by:

            (a)  Any "Insured" or his or her representative in obtaining this insurance; or

            (b)  You or your representative in pursuing a claim under this policy.

    b.  30 days before the effective date of cancellation for any other reason.

3.  The policy period will end on the day and hour stated in the cancellation notice.

4.  If we cancel, final premium will be calculated pro rata based on the time this policy was in force. Final premium will not be less than the Minimum Premium as shown in Item 3. of the Declarations.

5.  If you cancel, final premium will be more than pro rata; it will be based on the time this policy was in force and increased by our short rate cancellation table and procedure. Final premium will not be less than the Minimum Premium as shown in Item 3. of the Declarations.

6.  Premium adjustment may be made at the time of cancellation or as soon as practicable thereafter but the cancellation will be effective even if we have not made or offered any refund due you. Our check or our representative's check, mailed or delivered, will be sufficient tender of any refund due you.

7. The first Named Insured in Item 1. of the Declarations will act on behalf of all other "Insureds" with respect to the giving and receiving of notice of cancellation and the receipt of any refund that may become payable under this policy.

8. Any of these provisions that conflict with a law that controls the cancellation of the insurance in this policy is changed by this statement to comply with the law.

9. If this policy has been in effect for more than 60 days, or is a renewal of a policy the company issued, the company may cancel this policy only upon the occurrence, after the effective date of the policy, of one or more of the following:

   a. Nonpayment of premium, including payment due on a prior policy the company issued and due during the current policy term covering the same risks.

   b. Discovery of fraud or material misrepresentation by:

      (1) Any "Insured" or his or her representative in obtaining this insurance; or

      (2) The Named Insured or the Named Insured's representative in pursuing a claim under this policy.

   c. A judgment by a court or an administrative tribunal that the Named Insured has violated a California or Federal law, having as one of its necessary elements an act which materially increases any of the risks insured against.

   d. Discovery of willful or grossly negligent acts or omissions, or of any violations of state laws or regulations establishing safety standards, by the Named Insured's representative, which materially increase any of the risks insured against.

   e. Failure by the Named Insured or the Named Insured's representative to implement reasonable loss control requirements, agreed to by the insured as a condition of policy issuance, or which were conditions precedent to the company's use of a particular rate or rating plan, if that failure materially increases any of the risks insured against.

   f. A determination by the Commissioner of Insurance that the:

      (1) Loss of, or changes in, the company's reinsurance covering all or part of the risk would threaten the company's financial integrity or solvency; or

      (2) Continuation of the policy coverage would:

         (a) Place the Company in violation of California law or the laws of the state where the company is domiciled; or

         (b) Threaten the solvency of the company.

   g. A change by the Named Insured or the Named Insured's representative in the activities or property of the commercial or industrial enterprise, which results in a materially added, increased or changed risk, unless the added, increased or changed risk is included in the policy.

10. The company will mail or deliver advance written notice of cancellation, stating the reason for cancellation, to the Named Insured, and to the producer of record, at least:

   a. 10 days before the effective date of cancellation if the company cancels for:

GAI 6158 (Ed. 02/10) XS                     (Page 2 of 3)

SERVICE COPY
0263807    GREAT AMERICAN INSURANCE CO

**(1)** Nonpayment of premium, including payment due on a prior policy the company issued and due during the current policy term covering the same risks.

**(2)** Discovery of fraud by:

**(a)** Any "Insured" or his or her representative in obtaining this insurance; or

**(b)** The Named Insured or Named Insured's representative in pursuing a claim under this policy.

**b.** 30 days before the effective date of cancellation if the company cancels for any other reason listed in Paragraph **9.**

The following **CONDITION** is added and supersedes any provision to the contrary:

**Nonrenewal**

**1.** If the company decides not to renew this policy, the company will mail or deliver written notice stating the reason for nonrenewal to the Named Insured and to the producer of record, at least:

**a.** 60 days, but not more than 120 days, before the expiration or anniversary date, if the aggregate policy premium is $10,000 or less.

**2.** The company will mail or deliver notice to the Named Insured, and to the producer of record, at the mailing addresses shown in the policy.

**3.** The company is not required to send notice of nonrenewal in the following situations:

**a.** If the transfer or renewal of a policy, without any changes in terms, conditions, or rates, is between the company's insurance group.

**b.** If the policy has been extended for 90 days or less, provided that notice has been given in accordance with Paragraph **1.**

**c.** If the Named Insured has obtained replacement coverage, or if the Named Insured has agreed, in writing, within 60 days of the termination of the policy, to obtain that coverage.

**d.** If the policy is for a period of no more than 60 days and the Named Insured is notified at the time of issuance that it will not be renewed.

**e.** If the Named Insured requests a change in the terms or conditions or risks covered by the policy within 60 days of the end of the policy period.

**f.** If the company has made an offer to the Named Insured, in accordance with the timeframes shown in Paragraph **1.,** to renew the policy under changed terms or conditions or at a changed premium rate.

**This endorsement does not change any other provision of the policy.**

GAI 6158 (Ed. 02/10) XS                    (Page 3 of 3)

C  · Case 2:23-cv-03015-TLN-AC-04  ·HOUSE COPY
0263807  GREAT AMERICAN INSURANCE CO



Administrative Offices
301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

**GAI 6434**
(Ed. 07 99)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## AMENDMENT OF INSURING AGREEMENT -
## KNOWN INJURY OR DAMAGE

Section **I - COVERAGE** is deleted and replaced by the following:

**1. COVERAGE**

**a.** We will pay on behalf of the "Insured" those sums in excess of the "Retained Limit" that the "Insured" becomes legally obligated to pay by reason of liability imposed by law or assumed by the "Insured" under an "insured contract" because of "bodily injury," "property damage," "personal injury," or "advertising injury" that takes place during the Policy Period and is caused by an "occurrence" happening anywhere. The amount we will pay for damages is limited as described below in the **Insuring Agreement** Section **II. LIMITS OF INSURANCE.**

**b.** This insurance applies to "bodily injury" and "property damage" only if:

(1) Prior to the policy period, no "Insured" knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If any "Insured" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or

"property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the Policy Period and was not, prior to the Policy Period, known to have occurred by any "Insured," includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any "Insured":

(1) reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2) receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3) becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

Includes copyrighted material of Insurance Services Office, with its permission.
Copyright, Insurance Services Office, Inc., 1999

GAI 6434 (Ed. 07/99) XS

C   A47479 0 P00576A289 04   CERTIFIED IMAGE COPY
0263807   GREAT AMERICAN INSURANCE CO



| | |
|---|---|
| GREAT**AMERICAN.** INSURANCE GROUP | Administrative Offices<br>301 E 4th Street<br>Cincinnati OH 45202-4201<br>513 369 5000 ph |

**GAI 6474**
(Ed. 03 03)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## WAR LIABILITY EXCLUSION

Exclusion **M.** is deleted from **SECTION IV - EXCLUSIONS** and is replaced by the following:

**M.** "Any injury or damage," however caused, arising, directly or indirectly, out of:

  **(1)** war, including undeclared or civil war; or

  **(2)** warlike action by military force, including action of hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

  **(3)** insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

As used in this exclusion:

**"Any injury or damage"** means any injury or damage covered under any policy, Coverage Part, or "underlying insurance" to which this endorsement is applicable, and includes but is not limited to "bodily injury," "property damage," "personal and advertising injury," "loss," "injury" or "environmental damage" as may be defined in any applicable policy, Coverage Part, or "underlying insurance."

    This endorsement does not change any other provision of the policy.

GAI 6474 (Ed. 03/03) XS

C O N T R O L L E D  N O N - A U T H O R I Z E D  S A M P L E  C O P Y
0263807   GREAT AMERICAN INSURANCE CO



Administrative Offices
301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

**GAI 6461**
(Ed. 11 02)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## WAR OR TERRORISM EXCLUSION

The following exclusion is added to **SECTION IV - EXCLUSIONS:**

**A.** Any liability based upon or arising, directly or indirectly, out of:

**1.** war, including undeclared or civil war;

**2.** warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents;

**3.** insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these; or

**4.** "terrorism," including any action taken in hindering or defending against an actual or expected incident of "terrorism."

Regardless of any other clause or event that contributes concurrently or in any sequence to the injury or damage.

**B.** As used in this endorsement, **"terrorism"** means activities against persons, organizations or property of any nature:

**1.** that involve the following or preparation of the following:

**a.** use or threat of force or violence;

**b.** commission or threat of a dangerous act; or

**c.** commission or threat of an act that interferes with or disrupts an electronic, communication, information, or mechanical system; and

**2.** when one or both of the following applies:

**a.** the effect is to intimidate or coerce a government, or to cause chaos among the civilian population or any segment thereof, or to disrupt any segment of the economy; or

**b.** it is reasonable to believe the intent is to intimidate or coerce a government, or to seek revenge or retaliate, or to further political, ideological, religious, social or economic objectives or to express (or to express opposition to) a philosophy or ideology.

**C.** The aggregate limits shown in **Schedule A - Schedule Of Underlying Policies** shall neither be reduced nor exhausted by reason of any paid losses or costs of defense caused by or arising out of war or "terrorism" as excluded in this endorsement.

This endorsement does not change any other provision of the policy.

GAI 6461 (Ed. 11/02) XS

ORIG IMAGE COPY

C   0 7 4 8 7 4 6 7 0 1 0 3 6 4 2 6 9 - 0 4

0263807   GREAT AMERICAN INSURANCE CO



Administrative Offices
301 E 4th Street
Cincinnati OH  45202-4201
513 369 5000 ph

**GAI 6473**
(Ed. 01  08)

**THIS ENDORSEMENT IS ATTACHED TO AND MADE PART OF YOUR POLICY IN
RESPONSE TO THE DISCLOSURE REQUIREMENTS OF THE TERRORISM RISK
INSURANCE ACT. THIS ENDORSEMENT DOES NOT GRANT ANY COVERAGE OR
CHANGE THE TERMS AND CONDITIONS OF ANY COVERAGE UNDER THE POLICY.**

## DISCLOSURE PURSUANT TO TERRORISM
## RISK INSURANCE ACT - REJECTION OF OFFER

This endorsement modifies insurance provided under the following:

COMMERCIAL UMBRELLA COVERAGE FORM
SAFEPAK® UMBRELLA LIABILITY COVERAGE FORM
EXCESS LIABILITY

**A.   Rejection Of Offer**

You have rejected the offer of terrorism coverage for Acts of Terrorism that are certified under
the Terrorism Risk Insurance Act as an Act of Terrorism. An exclusion of terrorism losses has been
made a part of this policy.

**B.   Disclosure Of Federal Participation In Payment Of Terrorism Losses**

The United States Government, Department of the Treasury, will pay a share of terrorism losses
insured under the federal program. The federal share equals 85% of that portion of the amount of
such insured losses that exceeds the applicable insurer retention. However, if aggregate insured
losses attributable to terrorist acts certified under the Terrorism Risk Insurance Act exceed $100
billion in a Program Year (January 1 through December 31) the Treasury shall not make any payment
for any portion of the amount of such losses that exceeds $100 billion. **You have rejected this
offer of coverage.**

**This endorsement does not change any other provision of the policy.**

Includes copyrighted material of ISO Properties, Inc., with its permission.

GAI 6473 (Ed. 01/08) XS

OFFICE COPY
0263807   GREAT AMERICAN INSURANCE CO



Administrative Offices
301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

**GAI 6002**
(Ed. 06 97)

# T H E   P R O T E C T O R

## COMMERCIAL UMBRELLA COVERAGE FORM

There are provisions in this policy that restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy, the words "you" and "your" refer to the Named Insured as defined in **Insuring Agreement, V. DEFINITIONS.** The words "we," "us" and "our" refer to the Company providing this insurance. The word "Insured" means any person or organization qualifying as such in **Insuring Agreement, V. DEFINITIONS.** Words and phrases that appear in quotation marks have special meaning and can be found in the **DEFINITION** Section or the specific policy provision where they appear.

In consideration of the payment of the premium and in reliance upon the statements in the Declarations we agree with you to provide coverage as follows:

## INSURING AGREEMENTS

### I. COVERAGE

We will pay on behalf of the "Insured" those sums in excess of the "Retained Limit" that the "Insured" becomes legally obligated to pay by reason of liability imposed by law or assumed by the "Insured" under an "insured contract" because of "bodily injury," "property damage," "personal injury," or "advertising injury" that takes place during the Policy Period and is caused by an "occurrence" happening anywhere. The amount we will pay for damages is limited as described below in the **Insuring Agreement** Section **II. LIMITS OF INSURANCE.**

### II. LIMITS OF INSURANCE

**A.** The Limits of Insurance shown in Item **4.** of the Declarations and the rules below state the most we will pay regardless of the number of:

　　**1.** "Insureds";

　　**2.** "claims" made or "suits" brought; or

　　**3.** persons or organizations making "claims" or bringing "suits."

**B.** The General Aggregate Limit is the most we will pay for all damages covered under the **Insuring Agreement** in Section I., except:

**1.** damages included in the "products-completed operations hazard"; and

**2.** coverages included in the policies listed in the Schedule of Underlying Insurance to which no underlying aggregate limit applies.

The amount stated on the Declarations as the General Aggregate Limit is the most we will pay for all damages arising out of any "bodily injury," "property damage," "personal injury," or "advertising injury" subject to an aggregate limit in the "underlying insurance." The General Aggregate Limit applies separately and in the same manner as the aggregate limits in the "underlying insurance."

**C.** The Products-Completed Operations Aggregate Limit is the most we will pay for all damages included in the "products-completed operations hazard."

**D.** Subject to **B.** or **C.** in Section **II. LIMITS OF INSURANCE,** whichever applies, the Each Occurrence Limit is the most we will pay for "bodily injury," "property damage," "personal injury," or "advertising injury" covered under the **Insuring Agreement** in Section I. because of all "bodily injury," "property damage," "personal injury," or "advertising injury" arising out of any one "occurrence."

CERTIFIED TRUE COPY
0263807    GREAT AMERICAN INSURANCE CO

E. If the applicable Limits of Insurance of the policies listed in the Schedule of Underlying Insurance or of other insurance providing coverage to the "Insured" are reduced or exhausted by actual payment of one or more "claims," subject to the terms and conditions of this policy, we will:

   1. in the event of reduction, pay in excess of the reduced underlying Limits of Insurance, or;

   2. in the event of exhaustion, continue in force as "underlying insurance," but for no broader coverage than is available under this policy.

F. The Limits of Insurance of this policy apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance.

G. **Retained Limit**

   We will be liable only for that portion of damages, subject to the Each Occurrence Limit stated in the Declarations, in excess of the "retained limit," which is the greater of:

   1. the total amounts stated as the applicable limits of the underlying policies listed in the Schedule of Underlying Insurance and the applicable limits of any other insurance providing coverage to the "Insured" during the Policy Period; or

   2. the amount stated in the Declarations as Self-Insured Retention as a result of any one "occurrence" not covered by the underlying policies listed in the Schedule of Underlying Insurance nor by any other insurance providing coverage to the "Insured" during the Policy Period;

and then up to an amount not exceeding the Each Occurrence Limit as stated in the Declarations.

Once the Self-Insured Retention has been exhausted by actual payment of "claims" in full by the "Insured," the Self-Insured Retention will not be reapplied or again payable by the "Insured" for said Policy Period.

III. **DEFENSE**

A. We will have the right and duty to investigate any "claim" and defend any "suit" seeking damages covered by the terms and conditions of this policy when:

   1. the applicable Limits of Insurance of the underlying policies listed in the Schedule of Underlying Insurance and the Limits of Insurance of any other insurance providing coverage to the "Insured" have been exhausted by actual payment of "claims" for any "occurrence" to which this policy applies; or

   2. damages are sought for any "occurrence" which is covered by this policy but not covered by any underlying policies listed in the Schedule of Underlying Insurance or any other insurance providing coverage to the "Insured."

B. When we assume the defense of any "claim" or "suit":

   1. We will investigate any "claim" and defend any "suit" against the "Insured" seeking damages on account of any "occurrence" covered by this policy. We have the right to investigate, defend and settle the "claim" or "suit" as we deem expedient.

   2. All expenses we incur in the investigation of any "claim" or defense of any "suit" are in addition to our Limits of Insurance.

   3. We will pay the following as expenses, to the extent that they are not included in the coverage in the underlying policies listed in the Schedule of

C ·Case 2:23-cv-08015-TLN-AC-04· · · · · · · ·CE COPY

0263807    GREAT AMERICAN INSURANCE CO

Underlying Insurance or in any other insurance providing coverage to the "Insured":

**a.** premiums on bonds to release attachments, which bond amounts will not exceed our Limits of Insurance, but we are not obligated to apply for or furnish any such bond;

**b.** premiums on appeal bonds, which bond amounts will not exceed our policy limits, required by law to appeal any "claim" or "suit" we defend, but we are not obligated to apply for or furnish any such bond;

**c.** all costs taxed against the "Insured" in any "claim" or "suit" we defend;

**d.** pre-judgment interest awarded against the "Insured" on that part of the judgment we pay that is within our applicable Limits of Insurance. If we make an offer to pay the applicable Limits of Insurance, we will not pay any prejudgment interest based on the period of time after the offer;

**e.** all interest that accrues after entry of judgment and before we have paid, offered to pay or deposited in court the part of the judgment that is within our applicable Limit of Insurance;

**f.** the "Insured's" actual and reasonable expenses incurred at our request.

**C.** We will not investigate any "claim" or defend any "suit" after our applicable Limits of Insurance have been exhausted by payment of judgments or settlements.

**D.** In all other instances except Subsection **A.** in Section **III. DEFENSE,** we will not be obligated to assume charge of the investigation, settlement or defense of any "claim" or "suit" against the "Insured." We will, however, have the right and will be given the opportunity to participate in the settlement, defense and trial of any "claim"

or "suit" relative to any "occurrence" which, in our opinion, may create liability on our part under the terms of this policy. If we exercise such right, we will do so at our own expense.

## IV. EXCLUSIONS

This insurance does not apply to:

**A.** "Bodily injury" or "property damage" expected or intended from the standpoint of the "Insured." This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**B.** Any obligation of the "Insured" under a Workers Compensation, Unemployment Compensation or Disability Benefits Law, or under any similar law, regulation or ordinance.

**C.** Any obligation of the "Insured" under the Employee Retirement Income Security Act of 1974 or any amendments to that act, or under any similar law, regulation or ordinance.

**D.** Any obligation of the "Insured" under a No Fault, Uninsured Motorist or Underinsured Motorist law, or under any similar law, regulation or ordinance.

**E.** "Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**1.** a defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**2.** a delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**F.** "Property damage" to "your product" arising out of it or any part of it.

**G.** "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**H.** Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

   **1.** "your product";

   **2.** "your work"; or

   **3.** "impaired property"

if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

**I.** "Property damage" to property owned by the "Insured."

**J.** "Personal injury" or "advertising injury":

   **1.** arising out of oral, written, televised, videotaped, or electronic publication of material, if done by or at the direction of the "Insured" with knowledge of its falsity;

   **2.** arising out of oral, written, televised, videotaped, or electronic publication of material whose first publication took place before the beginning of the policy period;

   **3.** arising out of the willful violation of a penal statute or ordinance committed by or with consent of the "Insured"; or

   **4.** for which the "Insured" has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the "Insured" would have in the absence of the contract or agreement.

**K.** "Advertising injury" arising out of:

   **1.** breach of contract, other than misappropriation of advertising ideas under an implied contract;

   **2.** the failure of goods, products or services to conform with advertised quality or performance;

   **3.** the wrong description of the price of goods, products or services; or

   **4.** an offense committed by an "Insured" whose business is advertising, broadcasting, publishing or telecasting.

**L.** Any liability, including but not limited to settlements, judgments, costs, charges, expenses, costs of investigations, or the fees of attorneys, experts, or consultants, arising out of or in any way related to:

   **1.** The actual, alleged or threatened presence, discharge, dispersal, seepage, migration, release, or escape of "pollutants," however caused.

   **2.** Any request, demand or order that any "Insured" or others test for, monitor, clean-up, remove, contain, treat, detoxify, neutralize or in any way respond to or assess the effects of "pollutants." This includes demands, directives, complaints, "suits," orders or requests brought by any governmental entity or by any person or group of persons.

   **3.** Steps taken or amounts incurred by a governmental unit or any other person or organization to test for, monitor, clean-up, remove, contain, treat, detoxify or neutralize or assess the effects of "pollutants."

This exclusion will apply to any liability, costs, charges, or expenses, or any judgments or settlements, arising directly or indirectly out of pollution whether or not the pollution was sudden, accidental, gradual, intended, expected, unexpected, preventable or not preventable.

As used in this exclusion "pollutants" means any solid, liquid, gaseous, or thermal irritant or contaminant, including, but not limited to smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste material.

CERTIFIED TRUE COPY
0263807    GREAT AMERICAN INSURANCE CO

Waste material includes materials which are intended to be or have been recycled, reconditioned or reclaimed.

**M.** "Bodily injury" or "property damage" due to war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, rebellion or revolution. This exclusion applies only to liability assumed under a contract or agreement.

**N.** Any liability, including, but not limited to settlements, judgments, costs, charges, expenses, costs of investigations, or the fees of attorneys, experts, or consultants arising out of or related in any way, either directly or indirectly, to:

1. asbestos, asbestos products, asbestos-containing materials or products, asbestos fibers or asbestos dust, including, but not limited to, manufacture, mining, use, sale, installation, removal, or distribution activities;

2. exposure to testing for, monitoring of, cleaning up, removing, containing or treating of asbestos, asbestos products, asbestos-containing materials or products, asbestos fibers or asbestos dust; or

3. any obligation to investigate, settle or defend, or indemnify any person against any "claim" or "suit" arising out of, or related in any way, either directly or indirectly, to asbestos, asbestos products, asbestos-containing materials or products, asbestos fibers or asbestos dust.

**O.** "Bodily injury," "property damage," "personal injury" or "advertising injury" arising out of any:

1. refusal to employ or promote;

2. termination of employment;

3. coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, molestation, humiliation, discrimination or other employment related practices, policies, acts or omissions; or

4. consequential "bodily injury," "property damage," "personal injury" or "advertising injury" as a result of **O.1.** through **O.3.**

This exclusion applies whether the "Insured" may be held liable as an employer or in any other capacity and to any obligation to share damages with or to repay someone else who must pay damages because of "bodily injury," "property damage," "personal injury" or "advertising injury."

**P.** "Bodily injury," "property damage," "personal injury" or "advertising injury" excluded by the **Nuclear Energy Liability Exclusion** attached to this Policy.

**Q.** The following Items **1.** through **4.**, except to the extent that such insurance is provided by a policy listed in the Schedule of Underlying Insurance, and for no broader coverage than is provided by such policy:

1. Liability of any employee with respect to "bodily injury," "property damage," "personal injury" or "advertising injury" to you or to another employee of the same employer injured in the course of such employment.

2. "Bodily injury" or "property damage" arising out of the ownership, maintenance, operation, use, "loading" or "unloading" of any watercraft, if such watercraft is owned, or chartered without crew, by or on behalf of any "Insured." This exclusion will not apply to watercraft while ashore on any premises owned by, rented to, or controlled by you.

3. "Bodily injury" or "property damage" arising out of the ownership, maintenance, operation, use, "loading" or "unloading" of any aircraft, if such aircraft is owned, or hired without pilot or crew, by or on behalf of any "Insured."

4. "Bodily injury" to:

   a. an employee of any "Insured" arising out of and in the course of:

OFFICE COPY

    **i.** employment by any "Insured"; or

    **ii.** performing duties related to the conduct of any "Insured's" business; or

**b.** the spouse, child, parent, brother or sister of that employee as a consequence of Paragraph **4.a.**

This exclusion applies:

**a.** whether any "Insured" may be liable as an employer or in any other capacity; and

**b.** to any obligation to share damages with or repay someone else who must pay damages because of the injury.

## V. DEFINITIONS

**A.** "Advertising injury" means injury arising solely out of advertising activities of any "Insured" as a result of one or more of the following offenses during the policy period:

    **1.** oral, written, televised, videotaped, or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    **2.** oral, written, televised, videotaped, or electronic publication of material that violates a person's right of privacy;

    **3.** misappropriation of advertising ideas or style of doing business;

    **4.** infringement of copyright, title or slogan; or

    **5.** mental injury, mental anguish, humiliation, or shock, if directly resulting from Items **A.1.** through **A.4.**

**B.** "Auto" means a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment. "Auto" does not include "mobile equipment."

**C.** "Bodily injury" means physical injury, sickness, or disease, including death of a person. "Bodily injury" also means mental injury, mental anguish, humiliation, or shock if directly resulting from physical injury, sickness, or disease to that person.

**D.** "Claim" means any demand for monetary damages upon an "Insured" resulting from a covered "occurrence."

**E.** "Impaired property" means tangible property, other than "your product" or "your work," that cannot be used or is less useful because:

    **1.** it incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

    **2.** you have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

    **1.** the repair, replacement, adjustment or removal of "your product" or "your work"; or

    **2.** your fulfilling the terms of the contract or agreement.

**F.** "Insured" means each of the following, to the extent set forth:

    **1.** The Named Insured meaning:

        **a.** Any person or organization listed in Item **1.** of the Declarations, and any Company of which you own more than 50%, as of the effective date of this policy.

        **b.** Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify to be a Named Insured. However:

            **(1)** coverage under this provision is afforded only until the 90th day after you ac-

quire or form the organization or the end of the policy period, whichever is earlier;

**(2)** coverage does not apply to "bodily injury," "property damage," "personal injury" or "advertising injury" that occurred before you acquired or formed the organization; and

**(3)** coverage applies only if the organization is included under the coverage provided by the policies listed in the Schedule of Underlying Insurance and then for no broader coverage than is provided under such underlying policies.

**2.** If you are an individual, you and your spouse, but only with respect to the conduct of a business of which you are the sole owner as of the effective date of this policy.

**3.** If you are a partnership or joint venture, the partners or members and their spouses but only as respects the conduct of your business.

**4.** If you are a limited liability company, the members or managers but only as respects the conduct of your business.

**5.** Any person or organization, other than the Named Insured, included as an additional "Insured" by virtue of an "insured contract," and to which coverage is provided by the "underlying insurance," and for no broader coverage than is provided by the "underlying insurance" to such additional "Insured."

**6.** Any of your partners, executive officers, directors, or employees but only while acting within the scope of their duties.

However, the coverage granted by this Provision **6.** does not apply to the ownership, maintenance, use, "loading" or "unloading" of any "autos," aircraft or watercraft unless such coverage is included under the policies listed in the Schedule of Underlying Insurance and for no broader coverage than is provided under such underlying policies.

Employees include "leased workers" but not "temporary workers." "Leased workers" are leased to you by a labor leasing firm under an agreement between you and the labor leasing firm to perform related duties to the conduct of your business. "Leased workers" are not "temporary workers." "Temporary workers" are persons furnished to you to substitute for permanent employees on leave or to meet seasonal or short-term workload conditions.

**7.** Any person, other than one of your employees, or organization while acting as your real estate manager.

**8.** Any person (other than your partners, executive officers, directors, stockholders or employees) or organizations with respect to any "auto" owned by you, loaned to you or hired by you or on your behalf and used with your permission.

However, the coverage granted by this Provision **8.** does not apply to any person using an "auto" while working in a business that sells, services, repairs or parks "autos" unless you are in that business.

**9.** No person or organization is an "Insured" with respect to the conduct of any current or past partnership or joint venture that is not shown as a Named Insured in the Declarations.

**G.** "Insured contract" means any oral or written contract or agreement entered into by you and pertaining to your business under which you assume the "tort liability" of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided that the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. "Tort liability" means a civil liability that would be imposed by law in the absence of any contract or agreement.

H. "Loading" or "unloading" means the handling of property:

1. after it is removed from the place where it is accepted for movement into or onto an aircraft, watercraft or "auto";

2. while it is in or on an aircraft, watercraft or "auto";

3. while it is being moved from an aircraft, watercraft or "auto" to the place where it is finally delivered.

However, "loading" or "unloading" does not include the movement of property by means of a mechanical device, other than a hand truck, that is not attached to the aircraft, watercraft or "auto."

I. "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:

1. bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

2. vehicles maintained for use solely on or next to premises you own or rent;

3. vehicles that travel on crawler treads;

4. vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

   a. power cranes, shovels, loaders, diggers or drills; or

   b. road construction or resurfacing equipment such as graders, scrapers or rollers;

5. vehicles not described in 1., 2., 3., or 4. above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

   a. air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment or

   b. cherry pickers and similar devices used to raise or lower workers;

6. vehicles not described in 1., 2., 3., or 4. above maintained primarily for purposes other than the transportation of persons or cargo.

However, self-propelled vehicles with the following types of permanently attached equipment are not "mobile equipment" but will be considered "autos":

   a. equipment designed primarily for:

      (1) snow removal;

      (2) road maintenance, but not construction or resurfacing; or

      (3) street cleaning;

   b. cherry pickers and similar devices mounted on auto or truck chassis and used to raise or lower workers; and

   c. air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment.

J. "Occurrence" means:

1. as respects "bodily injury" or "property damage," an accident, including continuous or repeated exposure to substantially the same general harmful conditions;

2. as respects "personal injury," an offense arising out of the business of any "Insured" that results in "personal injury." All damages that arise from the same or related injurious material or acts will be considered as arising out of one "occurrence," regardless of the frequency or repetition thereof, the number and kind of media used and the number of claimants;

3. as respects "advertising injury," an offense committed in the course of advertising your goods, products and services that results in "advertising in-

jury." All damages that arise from the same or related injurious material or acts will be considered as arising out of one "occurrence," regardless of the frequency or repetition thereof, the number and kind of media used and the number of claimants.

**K.** "Personal injury" means injury other than "bodily injury" or "advertising injury" arising out of one or more of the following offenses during the policy period:

  **1.** false arrest, detention or imprisonment;

  **2.** malicious prosecution;

  **3.** the wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies by or on behalf of its owner, landlord or lessor;

  **4.** oral, written, televised, videotaped, or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

  **5.** oral, written, televised, videotaped, or electronic publication of material that violates a person's right of privacy; or

  **6.** mental injury, mental anguish, humiliation, or shock, if directly resulting from Items **K.1.** through **5.**

**L.** **1.** "Products-completed operations hazard" means all "bodily injury" and "property damage" from an "occurrence" taking place away from premises you own or rent and arising out of "your product" or "your work" except:

  **a.** products that are still in your physical possession; or

  **b.** work that has not yet been completed or abandoned.

  **2.** "Your work" will be deemed completed at the earliest of the following times:

  **a.** When all of the work called for in your contract has been completed.

  **b.** When all of the work to be done at the site has been completed if your contract calls for work at more than one site.

  **c.** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

  Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

  **3.** This "products-completed operations hazard" does not include "bodily injury" or "property damage" arising out of:

  **a.** the transportation of property, unless the injury or damage arises out of a condition in or on a vehicle created by the "loading" or "unloading" of it;

  **b.** the existence of tools, uninstalled equipment or abandoned or unused materials.

**M.** "Property damage" means:

  **1.** physical injury to tangible property, including all resulting loss of use of that property. All such loss of use will be deemed to occur at the time of the physical injury that caused it; or

  **2.** loss of use of tangible property that is not physically injured. All such loss will be deemed to occur at the time of the "occurrence" that caused it.

**N.** "Suit" means a civil proceeding which seeks monetary damages because of "bodily injury," "property damage," "personal injury," or "advertising injury" to which this insurance applies. "Suit" includes:

1. an arbitration proceeding in which such damages are claimed and to which you must submit or do submit with our consent; or

2. any other alternative dispute resolution proceeding in which such damages are claimed and to which you submit with our consent.

**O.** "Underlying insurance" means the insurance coverage provided under policies shown in the Schedule of Underlying Insurance, or any additional policies agreed to by us in writing. It includes any policies issued to replace those policies during the term of this insurance that provide:

1. at least the same policy limits; and

2. insurance for the same hazards, except as to any modifications which are agreed to by us in writing.

**P.** "Your product" means:

1. Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

   **a.** you;

   **b.** others trading under your name; or

   **c.** a person or organization whose business or assets you have acquired; and

2. Containers (other than vehicles) materials, parts or equipment furnished in connection with such goods or products.

"Your product" includes:

1. warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

2. the providing of or failure to provide warnings or instructions.

"Your product" does not include vending machines or other property rented to or located for the use of others but not sold.

**Q.** "Your work" means:

1. work or operations performed by you or on your behalf; and

2. materials, parts or equipment furnished in connection with such work or operations.

"Your work" includes:

1. warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

2. the providing of or failure to provide warnings or instructions.

**VI. Conditions**

**A. Appeals**

If the "Insured" or an "Insured's" underlying insurers do not appeal a judgment in excess of the "retained limit," we have the right to make such an appeal. If we elect to appeal, our liability on such an award or judgment will not exceed our Limits of Insurance as stated in Item **4.** of the Declarations plus the cost and expense of such appeal.

**B. Audit**

We may audit and examine your books and records as they relate to this policy at any time during the period of this policy and for up to three years after the expiration or termination of this policy.

**C. Bankruptcy or Insolvency**

The bankruptcy, insolvency or inability to pay of any "Insured" or the bankruptcy, insolvency or inability to pay of any of the Underlying Insurers will not relieve us from the payment of any "claim" or "suit" covered by this policy. Under no circumstances will such bankruptcy, insolvency or inability to pay require us to drop down and replace the "retained limit" or assume any obligation with the "retained limit."

0263807    GREAT AMERICAN INSURANCE CO

**D. Cancellation**

**1.** You may cancel this policy. You must mail or deliver advance written notice to us stating when the cancellation is to take effect.

**2.** We may cancel this policy. If we cancel because of nonpayment of premium, we must mail or deliver to you not less than ten (10) days advance written notice stating when the cancellation is to take effect. If we cancel for any other reason, we must mail or deliver to you not less than thirty (30) days advance written notice stating when the cancellation is to take effect. Mailing that notice to you at your mailing address shown in Item **1.** of the Declarations will be sufficient to prove notice.

**3.** The policy period will end on the day and hour stated in the cancellation notice.

**4.** If we cancel, final premium will be calculated pro rata based on the time this policy was in force. Final premium will not be less than the Minimum Premium as shown in Item **3.** of the Declarations.

**5.** If you cancel, final premium will be more than pro rata; it will be based on the time this policy was in force and increased by our short rate cancellation table and procedure. Final premium will not be less than the Minimum Premium as shown in Item **3.** of the Declarations.

**6.** Premium adjustment may be made at the time of cancellation or as soon as practicable thereafter but the cancellation will be effective even if we have not made or offered any refund due you. Our check or our representative's check, mailed or delivered, will be sufficient tender of any refund due you.

**7.** The first Named Insured in Item **1.** of the Declarations will act on behalf of all other "Insured's" with respect to the giving and receiving of notice of cancellation and the receipt of any refund that may become payable under this policy.

**8.** Any of these provisions that conflict with a law that controls the cancellation of the insurance in this policy is changed by this statement to comply with the law.

**E. Changes**

Notice to any agent or knowledge possessed by any agent or any other person will not effect a waiver or a change in any part of this policy. This policy can only be changed by a written endorsement that becomes a part of this policy and that is signed by one of our authorized representatives.

**F. Duties in The Event of An Occurrence, Claim Or Suit**

**1.** You must see to it that we are notified as soon as practicable of an "occurrence" which may result in a "claim" or "suit" under this policy. To the extent possible, notice will include:

**a.** how, when and where the "occurrence" took place;

**b.** the names and addresses of any injured person and witnesses;

**c.** the nature and location of any injury or damage arising out of the "occurrence."

**2.** If a "claim" or "suit" against any "Insured" is reasonably likely to involve this policy you must notify us in writing as soon as practicable.

**3.** You and any other involved "Insured" must:

**a.** immediately send us copies of any demands, notices, summonses or legal papers received in connection with the "claim" or "suit";

**b.** authorize us to obtain records and other information;

0263807    GREAT AMERICAN INSURANCE CO

**c.** cooperate with us in the investigation, settlement or defense of the "claim" or "suit"; and

**d.** assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the "Insured" because of injury or damage to which this insurance may also apply.

**4.** The "Insured's" will not, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

**G. Inspection**

We have the right, but are not obligated, to inspect the premises and operations of any "Insured" at any time. Our inspections are not safety inspections. They relate only to the insurability of the premises and operations of any "Insured" and the premiums to be charged. We may give you reports on the conditions we find. We may also recommend changes. While they may help reduce losses, we do not undertake to perform the duty of any person or organization to provide for the health or safety of any employees or the public. We do not warrant that the premises or operations of any "Insured" are safe or healthful or that they comply with laws, regulations, codes or standards.

**H. Legal Actions Against Us**

There will be no right of action against us under this insurance unless:

**1.** you have complied with all the terms of this policy; and

**2.** the amount you owe has been determined by settlement with our consent or by actual trial and final judgment;

This insurance does not give anyone the right to add us as a party in an action against you to determine your liability.

**I. Maintenance of Underlying Insurance**

During the period of this policy, you agree:

**1.** to keep the policies listed in the Schedule of Underlying Insurance in full force and effect;

**2.** that any renewals or replacements of the policies listed in the Schedule of Underlying Insurance will not be more restrictive in coverage;

**3.** that the Limits of Insurance of the policies listed in the Schedule of Underlying Insurance will be maintained except for any reduction or exhaustion of aggregate limits by payment of "claims" or "suits" for "occurrences" covered by "underlying insurance"; and

**4.** that the terms, conditions and endorsements of the policies listed in the Schedule of Underlying Insurance will not change during the period of this policy such as to increase the coverage afforded under this policy.

If you fail to comply with these requirements, we will only be liable to the same extent that we would have been had you fully complied with these requirements.

**J. Other Insurance**

If other insurance applies to a loss that is also covered by this policy, this policy will apply excess of the other insurance. Nothing herein will be construed to make this policy subject to the terms, conditions and limitations of such other insurance. However, this provision will not apply if the other insurance is specifically written to be excess of this policy.

**K. Premium**

The first Named Insured designated in Item **1.** of the Declarations will be responsible for payment of all premiums when due.

0263807 GREAT AMERICAN INSURANCE CO

The premium for this policy will be computed on the basis set forth in Item **3.** of the Declarations. At the beginning of the policy period, you must pay us the Advance Premium shown in Item **3.** of the Declarations.

When this policy expires or if it is canceled, we will compute the earned premium for the time this policy was in force. If this policy is subject to audit adjustment, the actual exposure basis will be used to compute the earned premium. If the earned premium is greater than the Advance Premium, you will promptly pay us the difference. If the earned premium is less than the Advance Premium, we will return the difference to you. But in any event we will retain the Minimum Premium as shown in Item **3.** of the Declarations for each twelve months of our policy period.

**L. Separation of Insureds**

Except with respect to our Limits of Insurance and any rights or duties specifically assigned to the first Named Insured designated in Item **1.** of the Declarations, this insurance applies:

**1.** as if each Named Insured were the only Named Insured; and

**2.** separately to each "Insured" against whom "claim" is made or "suit" brought.

**M. Transfer of Rights of Recovery Against Others to Us**

If any "Insured" has rights to recover all or part of any payment we have made under this policy, those rights are transferred to us. The "Insured" must do nothing after loss to impair those rights and must help us enforce them.

Any recoveries will be applied as follows:

**1.** any interests, including the "Insured," that have paid an amount in excess of our payment under this policy will be reimbursed first;

**2.** we then will be reimbursed up to the amount we have paid; and

**3.** lastly, any interests, including the "Insured," over which our insurance is excess, are entitled to claim the residue.

Expenses incurred in the exercise of rights of recovery will be apportioned between the interests, including the "Insured," in the ratio of their respective recoveries as finally settled.

**N. Terms Conformed to Statute**

The terms of this Policy which are in conflict with the statutes of the state where this Policy is issued are amended to conform to such statutes.

If we are prevented by law or statute from paying on behalf of an "Insured," then we will, where permitted by law or statute, indemnify the "Insured" for those sums in excess of the "retained limit."

**O. Transfer of Your Rights And Duties**

Your rights and duties under this policy may not be transferred without our written consent.

If you die or are legally declared bankrupt, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative. However, notice of cancellation sent to the first Named Insured designated in Item **1.** of the Declarations and mailed to the address shown in this policy will be sufficient notice to effect cancellation of this policy.

**P. When Loss Is Payable**

Coverage under this policy will not apply unless and until any "Insured" or an "Insured's" underlying insurer is obligated to pay the "retained limit."

When the amount of loss has finally been determined, we will promptly pay on behalf of the "Insured" the amount of loss falling within the terms of this policy.

You will promptly reimburse us for any amount within the Self-Insured Retention advanced by us at our discretion on behalf of any "Insured."

C O M P L I M E N T A R Y     I N S U R A N C E   C O P Y
0263807     GREAT AMERICAN INSURANCE CO

## NUCLEAR ENERGY LIABILITY EXCLUSION

This policy does not apply to:

1. Any liability, injury or damage:

   a. with respect to which any "Insured" under the policy is also an "Insured" under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an "Insured" under any such policy but for its termination upon exhaustion of its Limits of Insurance; or

   b. resulting from the "hazardous properties" of "nuclear material" and with respect to which **(a)** a person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or **(b)** any "Insured" is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

2. Any injury or "nuclear property damage" resulting from the "hazardous properties" of "nuclear material," if:

   a. the "nuclear material" **(a)** is at any "nuclear facility" owned by, or operated by or on behalf of, any "Insured" or **(b)** has been discharged or dispersed therefrom;

   b. the "nuclear material" is contained in "spent fuel" or "nuclear waste" at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of any "Insured"; or

   c. the injury or "nuclear property damage" arises out of the furnishing by any "Insured" of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any "nuclear facility," but if such facility is located within the United States of America, its territories or possessions or Canada, this Exclusion **2.c.** applies only to "nuclear property damage" to such "nuclear facility" and any property therein.

3. As used in this exclusion:

   a. "Hazardous properties" includes radioactive, toxic or explosive properties.

   b. "Nuclear facility" means:

      i. any "nuclear reactor";

      ii. any equipment or device designed or used for

         **(1)** separating the isotopes of uranium or plutonium,

         **(2)** processing or utilizing "spent fuel" or

         **(3)** handling, processing or packaging "nuclear waste";

      iii. any equipment or device used for the processing, fabricating or alloying of "special nuclear material" if at any time the total amount of such material in the custody of any "Insured" at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

      iv. any structure, basin, excavation, premises or place prepared or used for the storage or disposal of, "nuclear waste," and includes the site on which any of the foregoing is located, all operations considered on such site and all premises used for such operations.

   c. "Nuclear material" means "source material," "special nuclear material" or by-product material.

GAI 6002 (Ed. 06/97) XS                     (Page 14 of 15)

CUSTOMER SERVICE COPY

0263807    GREAT AMERICAN INSURANCE CO

**d.** "Nuclear property damage" includes all forms of radioactive contamination of property.

**e.** "Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.

**f.** "Nuclear waste" means any nuclear waste material **(a)** containing "by-product material" other than the tailings of nuclear waste produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its "source material" content, and **(b)** resulting from the operation by any person or organization of any "nuclear facility" included within the definition of "nuclear facility" under Paragraph **3.b.i.** or **3.b.ii.**

**g.** "Source material," "special nuclear material," and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof.

**h.** "Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a "nuclear reactor."

This endorsement does not change any other provision of the policy.



Administrative Offices
301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

## IMPORTANT INFORMATION TO POLICYHOLDERS
## CALIFORNIA

### TO OBTAIN INFORMATION OR TO MAKE A COMPLAINT

In the event you need to contact someone about this Policy for any reason please contact your agent. If you have additional questions, you may contact the insurance company issuing this Policy at the following address and telephone number:

> Great American Insurance Group
> Administrative Offices
> 301 East 4th Street
> Cincinnati, OH 45202

Or you may call the toll-free telephone number for information or to make a complaint at:

**1-800-972-3008**

If you have a problem with your insurance company, its agent or representative that has not been resolved to your satisfaction, please call or write to the Department of Insurance.

> California Department of Insurance
> Consumer Services Division
> 300 South Spring Street, South Tower
> Los Angeles, California 90013
>
> 1-800-927-4357
> 213-897-8921 (if calling from within the Los Angeles area)
> 1-800-482-4833 (TDD Number)

Written correspondence is preferable so that a record of your inquiry can be maintained. When contacting your agent, company or the Bureau of Insurance, have your Policy Number available.

### ATTACH THIS NOTICE TO YOUR POLICY

This notice is for information only and does not become a part or condition of the attached document.

SDM-705 (Ed. 11/08)

CERTIFIED TRUE AND GENUINE COPY
0263807    GREAT AMERICAN INSURANCE CO

**GREAT AMERICAN**
**INSURANCE GROUP**

Administrative Offices
301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

GAI 6012 (Ed. 06 97)

**Policy No.**    TUU 0-30-42-89 - 04
**Effective Date of Change** 07/01/2016

## POLICY CHANGES

| NAMED INSURED AND ADDRESS: | POLICY PERIOD: |
|---|---|
| THE MORNING STAR PACKING COMPANY<br>724 MAIN STREET<br>WOODLAND, CA 95695 | 12:01 A.M. Standard Time at the address of the Named Insured shown at left.<br>From 06/30/2016    To 06/30/2017 |

| **THIS ENDORSEMENT CHANGES THE POLICY.**<br><br>**PLEASE READ IT CAREFULLY.** | AGENT'S NAME AND ADDRESS:<br>WELLS FARGO INSURANCE SERVICES<br>11017 COBBLEROCK DRIVE, SUITE 100<br>RANCHO CORDOVA, CA 95670 |

Insurance is afforded by company indicated below:

GREAT AMERICAN INSURANCE COMPANY

(A capital stock corporation)

ENDORSEMENT NO: 1                                   EFFECTIVE DATE: 7/1/2016

IN CONSIDERATION OF THE PREMIUM CHARGED, IT IS HEREBY AGREED AND UNDERSTOOD THAT THE FOLLOWING CHANGES ARE MADE TO THE POLICY:

THE ATTACHED SCHEDULE A-SCHEDULE OF UNDERLYING INSURANCE (SUPPLEMENTAL) (GAI6008) IS HEREBY AMENDED IN ACCORDANCE WITH THE ATTACHED SCHEDULE.

GAI6005 - NAMED INSURED REPLACES THE ONE ORIGINALLY ISSUED WITH THE POLICY.

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.



**FORMS AND ENDORSEMENTS** hereby added:

**FORMS AND ENDORSEMENTS** hereby amended: GAI6008        GAI6005

**FORMS AND ENDORSEMENTS** hereby deleted:

Countersigned _____        By _____
                Date                                Authorized Representative

GAI 6012 (Ed. 06/97) PRO        (Page 1 of 1 )

0263807    GREAT  AMERICAN  INSURANCE  CO



Administrative Offices
301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

**GAI 6005**
(Ed. 06 97)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

### NAMED INSURED

The Named Insured listed in Item **1** of the Declarations is changed to the following:

THE MORNING STAR PACKING COMPANY, L.P./THE MORNING STAR COMPANY,
   A CALIFORNIA CORPORATION
LIBERTY PACKING COMPANY, LLC
CAL SUN EQUIPMENT SERVICES, CO., LLC
CALIFORNIA SUN GROWER SERVICES CO. LLC
LUCERO FARMS, LLC
THE MORNING STAR TRUCKING COMPANY, LLC
MORNING STAR MERCED, LLC
   DBA: HOTEL MISSION DE ORO
PARADISE TOMATO KITCHENS

\*ADDED EFFECTIVE 7/1/2016
CALIFORNIA MASTERPLANT, INC.

This endorsement does not change any other provision of the policy.

GAI 6005 (Ed. 06/97) PRO         (Page 1  of 1  )

C O N F I D E N T I A L - - N O T A N I S S U A N C E - SAMPLE COPY
0263807    GREAT AMERICAN INSURANCE CO



Administrative Offices
301 E 4th Street
Cincinnati OH 45202-4201
513 369 5000 ph

**GAI 6008**
(Ed. 06 97)

## SCHEDULE A - SCHEDULE OF UNDERLYING INSURANCE (SUPPLEMENTAL)

| Carrier, Policy Number and Period | Type of Coverage | Limits of Insurance |
|---|---|---|
| ZURICH MARINE SPECIALTY<br>POLICY: 43791632<br>3/1/16 TO 3/1/17 | WATERCRAFT LIABILITY | $1,000,000. EACH OCCURRENCE<br><br>$1,000,000. GENERAL AGGREGATE |
| WEST AMERICAN INSURANCE COMPANY<br>POLICY:<br>BAW(17)56251048<br>6/30/16 TO 6/30/17<br>HOTEL DEL ORO ONLY | AUTOMOBILE<br><br>(X) HIRED AUTOMOBILE<br><br>(X) NON-OWNED AUTOMOBILE<br><br>(X) DEFENSE OUTSIDE THE LIMIT | COMBINED SINGLE LIMIT<br><br>$1,000,000. EACH ACCIDENT |
| WEST AMERICAN INSURANCE COMPANY<br>POLICY:<br>BAW(17)56251048<br>6/30/16 TO 6/30/17<br>HOTEL MISSION DEL ORO SANTA NELLA<br><br>(X) DEFENSE OUTSIDE THE LIMIT | COMMERCIAL GENERAL LIABILITY<br><br>(X) OCCURRENCE FORM | $2,000,000. GENERAL AGGREGATE LIMIT<br>$2,000,000. PRODUCTS COMPL-ETED OPERATIONS AGGREGATE<br>$1,000,000. PERSONAL & ADV-ERTISING INJURY LIMIT<br>$1,000,000. EACH OCCURRENCE LIMIT |
| WEST AMERICAN INSURANCE COMPANY<br>POLICY:<br>BAW(17)56251048<br>6/30/16 TO 6/30/17<br>HOTEL MISSION ORO | LIQUOR LIABILITY | $1,000,000. EACH COMMON CAUSE<br><br>$2,000,000. GENERAL AGGREGATE LIMIT |
| AMTRUST<br>POLICY: T.B.D.<br>12/1/16 TO 12/1/17<br>CA MASTER PLANT<br><br>AMTRUST<br>POLICY: T.B.D.<br>12/1/16 TO 12/1/17 | EMPLOYERS LIABILITY | BODILY INJURY BY ACCIDENT<br>$1,000,000. EACH ACCIDENT<br><br>BODILY INJURY BY DISEASE<br>$1,000,000. POLICY LIMIT<br>$1,000,000. EACH EMPLOYEE |

GAI 6008 (Ed. 06/97) PRO          (Page 2 of 2)

ORIG IMAGE COPY

0263807      GREAT AMERICAN INSURANCE CO

**GAI 6012 (Ed. 06 97)**

Policy No.      TUU 0-30-42-89 - 04
Effective Date of Change 01/24/2017

## POLICY CHANGES

| | |
|---|---|
| **NAMED INSURED AND ADDRESS:**<br>THE MORNING STAR PACKING COMPANY<br>724 MAIN STREET<br>WOODLAND, CA 95695 | **POLICY PERIOD:**<br>12:01 A.M. Standard Time at the address of the Named Insured shown at left.<br>From 06/30/2016      To 06/30/2017 |
| **THIS ENDORSEMENT CHANGES THE POLICY.**<br><br>**PLEASE READ IT CAREFULLY.** | **AGENT'S NAME AND ADDRESS:**<br>WELLS FARGO INSURANCE SERVICES<br>11017 COBBLEROCK DRIVE, SUITE 100<br>RANCHO CORDOVA, CA 95670 |

Insurance is afforded by company indicated below:

GREAT AMERICAN INSURANCE COMPANY

(A capital stock corporation)

ENDORSEMENT NO: 2                    EFFECTIVE DATE: 1/24/2017

IN CONSIDERATION OF THE PREMIUM CHARGED, IT IS HEREBY AGREED AND UNDERSTOOD THAT THE FOLLOWING CHANGES ARE MADE TO THE POLICY:

GAI6005 - NAMED INSURED REPLACES THE ONE ORIGINALLY ISSUED WITH THE POLICY.

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

CERTIFIED COPY

R. Keur Smith

12/22/23

**FORMS AND ENDORSEMENTS** hereby added:

**FORMS AND ENDORSEMENTS** hereby amended:   GAI6005

**FORMS AND ENDORSEMENTS** hereby deleted:

Countersigned _____      By _____
              Date                          Authorized Representative

GAI 6012 (Ed. 06/97) PRO          (Page 1 of 1 )

GAI 6005
(Ed. 06 97)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**NAMED INSURED**

The Named Insured listed in Item **1** of the Declarations is changed to the following:

THE MORNING STAR PACKING COMPANY, L.P./THE MORNING STAR COMPANY,
  A CALIFORNIA CORPORATION
LIBERTY PACKING COMPANY, LLC
CAL SUN EQUIPMENT SERVICES, CO., LLC
CALIFORNIA SUN GROWER SERVICES CO. LLC
LUCERO FARMS, LLC
THE MORNING STAR TRUCKING COMPANY, LLC
MORNING STAR MERCED, LLC
  DBA: HOTEL MISSION DE ORO
PARADISE TOMATO KITCHENS

*ADDED EFFECTIVE 7/1/2016
CALIFORNIA MASTERPLANT, INC.

*ADDED EFFECTIVE 1/24/2017
THE MORNING STAR INSTITUTE, INC.

This endorsement does not change any other provision of the policy.

GAI 6005 (Ed. 06/97) PRO          (Page 1   of 1  )